In the Matter of Arbitration Pursuant to a Contract, Dated February 25, 1929, between ROGER L. BRIDGEMAN and J. S. HOLTZMAN, Copartners, Doing Business as BRIDGEMAN & HOLTZMAN, as Contracting Builders, Respondents, and MICHAEL J. GONDEK and MARY GONDEK, as Owners, Appellants.

Second Department, April 8, 1932.

*Monroe J. Cahn* [*Humphrey J. Lynch* with him on the brief], for the appellants.

*Joseph P. O'Connell* [*James B. Henney* and *William S. O'Connor* with him on the brief], for the respondents.

CARSWELL, J.   Bridgeman & Holtzman, contractors, entered into a contract with Michael and Mary Gondek, the owners of certain property in Hastings-on-Hudson, N. Y., to erect for them a structure at a specified price.   The contractors claimed to have performed their contract and to have done certain extra work, for which they charged.   The owners paid the contractors certain sums, but a dispute arose with respect to an additional claimed amount of $6,157.03.

The contract contained a clause providing for arbitration proceedings in the event of a dispute.   Recourse thereto was had.   The arbitration proceeding had a somewhat checkered career and met with much delay.   There finally eventuated an award in favor of the contractors.   The contractors moved to confirm the award and the owners moved to vacate it.   The Special Term granted the motion of the contractors and denied the motion of the owners. An order was accordingly entered, and pursuant thereto a judgment was entered in favor of the contractors.   The owners appeal from the order and judgment and assert that the award should be set aside:   (1) Because of obvious bias of the umpire; (2) because the umpire was guilty of alleged misbehavior requiring the vacating of the award; (3) because the entire proceeding was void because of a failure of the arbitrators to take their oaths.

(1) As to the owners' claim of bias.   An examination of the record herein discloses that the arbitration proceedings were conducted in a manner which does not indicate bias, as a matter of law.

(2) The owners claim that the umpire was guilty of misbehavior as a matter of law within the meaning of subdivision 3 of section 1457 of the Civil Practice Act. This is based upon an alleged refusal of the umpire to consult, on January 2, 1931, with one of the arbitrators before the award was made on that day. It appears that the hearings before the arbitrators ended on December 5, 1930. At that time the parties to the dispute were required to submit briefs to the arbitrators. These briefs and the proceedings theretofore had afforded an ample basis upon which each of the arbitrators might act in arriving at an opinion with respect to the disputed questions of fact. When the arbitrators were summoned by the umpire to meet on January 2, 1931, to make an award, whether or not further discussion should be had between them before making an award was a detail of internal administration of the affairs of the arbitration body which rested in the sound discretion and judgment of the arbitrators themselves. It appears that the umpire, on January 2, 1931, indicated a basis for his decision with respect to the credibility of a named witness, which basis eliminated the need for further discussion so far as he was concerned. The taking of that position and limiting the discussion directed to him to that extent, was not misbehavior as a matter of law within the statutory provision cited. He was not obligated to submit to conduct on the part of one of the arbitrators on January 2, 1931, of a character that would violate the rule that arbitrators should not conduct themselves as champions of their nominators. (*Matter of American Eagle Fire Ins. Co.* v. *N. J. Ins. Co.*, 240 N. Y. 398.) The award as made was the result of a joint action of the members of the body acting through a majority, and, therefore, was in conformity with the arbitration clause in the agreement.

(3) The owners claim that the proceeding was void because the arbitrators did not take the oath prescribed by section 1452 of the Civil Practice Act. That section requires that the oath must be taken unless it is waived by a written consent of the parties to the submission or their attorneys. The provision requiring a written consent to the waiver of an oath by an arbitrator is a rule of evidence. (*Hinkle* v. *Zimmerman*, 184 N. Y. 114, 116.) It is the exclusive means of proving a waiver *where the fact of waiver is in dispute.* It is not the exclusive means of proving a waiver where the fact of waiver is not in dispute. In the case at bar the oath of each arbitrator, as a matter of substance, is conceded to have been waived. The form in which this undisputed fact of waiver appears in this record is due to the act of the owners' representative. All the stipulations of waiver noted in the record were put in that form by the owners' representative, FitzGerald. The owners are, there-

fore, estopped from challenging the evidence or form in which the undisputed waiver is cast. To hold otherwise would exalt form over substance where recourse to a precise form is not needful to avoid doubt in the decision of a question of fact as to the reality of the waiver of an oath. This is especially so in a case where the challenge with respect to the adequacy of the evidence of waiver is raised for the first time after an award is made against the complainant. Quotations from cases to the effect that the waiver of the oath must be in writing, concerned situations where the fact of waiver was in dispute or the declaration was not essential to the decision.

All that transpired before the arbitration body herein was in one continuing proceeding. This observation is made because of the claim that when Arbitrator Wise died and Arbitrator Cortright was substituted, the stipulation to waive the statutory oath was limited to Cortright. A corresponding waiver had been made previously with respect to Arbitrator Miller and Umpire Henderson.

Accordingly, the order and judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, KAPPER, HAGARTY and CARSWELL, JJ.

Order and judgment unanimously affirmed, with costs.