In the Matter of the Arbitration between MARY HUNTER, Respondent, and MONTE PROSER et al., Appellants.

First Department, November 1, 1948.

*Milton R. Weir* of counsel (*William Klein* and *Adolph Lund* with him on the brief; *Klein & Weinberger,* attorneys), for appellants.

*Floria V. Lasky* of counsel (*Fitelson, Mayers & London,* attorneys), for respondent.

*Per Curiam.* The arbitrators' award in this matter, except for item E, is a clear and definite determination of the rights and obligations of the parties and is final and enforcible as any similar judgment would be in an action. The fact that certain computations will have to be made week by week to carry the award into effect does not render the award ineffective for the present or for the future. The formulae for the computations are so clear and specific that the determination of the amounts owing to the petitioner week by week is merely an accounting calculation. Neither arbitrators nor further arbitration are required to make such calculations. Indeed, the box office statements routinely issued by respondents will serve the purpose.

In this light, the attack of respondents upon the finality of the award and their claim that each week's computation of their indebtedness to petitioner must be the subject of a new arbitration is plainly an effort to avoid the determination made and defeat petitioner's rights by making their enforcement impractical. The words of MEDALIE, J., speaking for the Court of Appeals in *Matter of Feuer Transportation, Inc. (Local No. 445)* (295 N. Y. 88, 91–92) should be read in this connection: '' To work well it [arbitration] must operate with a minimum of delay and with all the flexibility which equity can give it. * * * If the relief to which a party is entitled is not granted and he is remitted to a new proceeding, the purposes of the reforms intended by the Arbitration Law of 1920 would be defeated. Instead of relief from legal technicality, the parties to an arbitration are given delay and a surfeit of legal procedure. Proceedings of this kind are equitable in character, and the practice of equity as to relief should be followed.''

Perhaps the judgment should not have provided for the appointment of a referee as a reference is unnecessary if respondents will simply do what they should do pursuant to the judgment. The court may do whatever is necessary to enforce the judgment, however, employing all the provisions of law relating to a judgment in an action (Civ. Prac. Act, § 1466) and we think, if necessary, might appoint a referee under section 467 of the Civil Practice Act.

As respondents object to the appointment of a referee and as a reference is unnecessary, as noted, the provisions in the judgment for the appointment of a referee may be eliminated and whatever further steps may be required to enforce the judgment may be taken under the paragraph thereof which allows petitioner to apply from time to time for such other and further relief as may be necessary and proper. The court is not impotent, as respondents would make it, to enforce this judgment, and the court will do whatever is necessary, but respondents will be afforded the opportunity to avoid any such necessity by honoring the judgment as they should.

The judgment and order appealed from should be modified to eliminate from the judgment subdivision 4 of the second decretal paragraph, from the order subdivision 5 of the second decretal paragraph, from the judgment and order the provision for the designation of a referee, and as so modified the judgment and order should be affirmed, without costs.

PECK, P. J., DORE, COHN, CALLAHAN and SHIENTAG, JJ., concur.

Judgment and order unanimously modified so as to eliminate from the judgment subdivision 4 of the second decretal paragraph, from the order subdivision 5 of the second decretal paragraph, from the judgment and order the provision for the designation of a referee and, as so modified, the judgment and order affirmed, without costs.