In the Matter of the Arbitration between Overseas Distributors Exchange, Inc., Respondent, and Benedict Brothers & Co., Inc., et al., Appellants.

First Department, April 29, 1958.

*Frank G. Wittenberg* of counsel (*Katz, Wittenberg & Katz,* attorneys), for appellants.

*Abraham Dorf* for respondent.

*Per Curiam.* This appeal brings up for review an order of Special Term confirming an arbitration award. Various grounds were urged below for invalidating the award, all of which were overruled. In our opinion, however, the objection as to the lack of finality and conclusiveness of the award should have been sustained. The absence of a mutual, final and definite award upon the subject matter submitted requires a remand to the arbitrators for further action.

We recognize that an award may be deemed to be final if all that remains to be done are ministerial acts or arithmetical calculations. Where a formula for computation is so clear that the amount to be paid is merely an accounting calculation, then there is a definite determination of the rights of the parties and the award is final and enforcible. (*Matter of Hunter* [*Proser*], 274 App. Div. 311, affd. 298 N. Y. 828.) But the award herein leaves open the amount which appellants are obligated to pay, reserves certain other matters to the taking of subsequent oaths and requires a deposit of funds in accordance with the books of one of the parties. These directions are not only indefinite, but the determination of the amounts depends upon more than just arithmetical calculations. Businessmen and accountants can well disagree as to what a set of books shows as being " due " to a party. An award must be clear enough to indicate unequivocally what each party is required to do. (See *Matter of Pfeiffer, Inc.,* 222 App. Div. 62.)

Appellants also contend that the agreement to arbitrate was not a valid submission since it did not contain a statement of

the controversy between the parties. While it is true that the agreement to arbitrate does not disclose the subject of the arbitration, appellants are debarred from attacking the validity of the submission after having participated in the arbitration (Civ. Prac. Act, § 1458, subd. 2). Nor may they do so obliquely by charging that the arbitrators exceeded their powers. In the affidavit in opposition to confirmation of the award, appellants have set forth the disputed issues. The decision of the arbitrators passed on those issues, albeit not in proper final form. Appellants have failed to show by any extrinsic evidence that the arbitrators exceeded their powers (see 21 Carmody-Wait on New York Practice, § 170, p. 575).

We find no basis for an award against appellants Downtown Exchange, Inc. and Alfred Benedict. Downtown Exchange, Inc. was not a party to the submission agreement and Alfred Benedict's signature thereto is clearly in a representative capacity for Benedict Brothers. Moreover, the award specifically refers to a difference between Overseas Distributors Exchange, Inc. and Benedict Brothers & Co., Inc. Hence, the inclusion of Downtown Exchange, Inc. and Alfred Benedict in the award was completely unauthorized either by the submission agreement or the body of the award.

The order below should therefore be modified, on the law, to the extent of vacating the award as to appellants Downtown Exchange, Inc. and Alfred Benedict, with costs to said appellants; denying the application to confirm the award and directing that the matter be resubmitted to the same arbitrators to fix the obligations of the parties in a definite manner. If any special oaths are to be required to dispose of any disputed claims, they should be administered or taken before the arbitrators make their award, so that the matter may be concluded without leaving any possible disagreement for the future. If the books of Overseas are to fix an amount which may be due, those books should be examined by the arbitrators and the amount determined. Settle order.

BOTEIN, P. J., RABIN, VALENTE and BERGAN, JJ., concur.

Order unanimously modified, on the law, to the extent set forth in the opinion of the court filed herewith.