Saul S. Streit, J.
Petitioner moves to confirm an arbitrators’ award and for judgment thereon. Respondent cross-moves to vacate the award on the ground that one or more arbitrators *877 were evidently partial and on the ground that the arbitrators exceeded their powers or executed them imperfectly.
The fact that two of the arbitrators decided in favor of petitioner does not, by itself, establish that they exceeded their powers or executed them imperfectly. Respondent must show that they gave a completely irrational construction to the contract and in effect made a new contract for the parties (Matter of National Cash Register Co. [Wilson], 8 N Y 2d 377, 383). It is true that the contract between the parties permitted respondent to terminate it “ in accordance with Section XXIII of AFTRA’s Regulations Governing Agents ” in the event that none of the persons named in paragraph 9 of the contract remained active in the agency throughout the term of the contract. However, section XXIII provides that the artist shall not be relieved of his obligation to pay commissions payable after such termination “ unless AFTRA consents thereto in writing ”. There is nothing in the papers submitted to indicate that such written consent was obtained. The statements made in the affidavits submitted by respondent fail to establish that the majority of the arbitrators so misconstrued the contract that they in effect made a new contract for the parties.
The claim that one of the arbitrators disclosed his views before the hearings were concluded is emphatically stated by said arbitrator to be untrue.
Nor is any ground for vacatur established by the claim that when the arbitrator chosen by respondent arrived at the final meeting of the board, the chairman was already engaged in preparing his decision and refused to discuss the issues. (Matter of Stecklow Bros. [Carol Management Corp.], 78 N. Y. S. 2d 427, affd. 273 App. Div. 1013; Matter of Bridgeman & Holtzman v. Gondek, 235 App. Div. 129.)
In the court’s opinion the respondent has failed to establish partiality or that the arbitrators exceeded their powers or executed them imperfectly.
The contention that the award is insufficient on its face because it does not indicate the basis for the award, is overruled. (Matter of Dembitzer [Gutchen], 3 A D 2d 211, 215, affd. 3 N Y 2d 851.) There is no requirement that the award state the reasoning upon which it was based. The argument that the award is not coextensive with the submission is without merit. The claim that no award of a specific sum of money can be made “ unless the issue is specifically submitted ” overlooks the fact that petitioner’s demand for arbitration stated under “ Claim or Relief Sought, “ Payment to John Gibbs Agency, Inc. of 10% of all monies or other consideration *878 received or to be received by you”. Respondent acquiesced in the arbitration of petitioner’s claim for payment and may not now be heard to argue that “ there was no specific submission as to the question of damages”. Nor is there merit in the claim that the award is not final and definite because it included an award to petitioner of 10% of the payments to be received by respondent after the date of the award from National Broadcasting Company under the employment contract of October 1,1957. (Matter of Hunter [Proser], 274 App. Div. 311, affd. 298 N. Y. 828.) The claim of respondent that its arbitrator was excluded from the deliberations of the other arbitrators is not established by respondent’s papers and is, in addition, denied by the other arbitrators. The motion is granted and the cross motion denied.