Henry Clay Greenberg, J.
The petitioner moves to confirm and the respondent cross-moves to vacate the award of the arbitrator. The relief sought in the petitioner’s demand for arbitration was an accounting by the respondent, in detail, respecting all activities of the three television series involved, a determination of the fair and reasonable value of the television rights, and a direction that the respondent pay all sums found due and owing. The arbitrator’s award provides that the respondent account to the petitioner for the period from December 14, 1953 “up to a recent date (April 30, 1963 or later) ” in sufficient detail to permit a satisfactory audit by “ a national firm of independent certified public accountants ’ ’.
The award further provides that if, in the opinion of the independent accountants, the respondent’s accounting is not fair, “ the independent accountants shall submit an accounting, in their opinion fair and such accounting shall be binding ” and the “ respondent shall pay to claimant * * * any amounts shown in said report 0 * * shown to be owing by respondent to claimant.” The award is not final and definite upon the subject matter submitted and therefore should be vacated (CPLR, § 7511). This is not a case where the formula for computation is so clear that the determination of the amounts owing is merely an accounting calculation (see Matter of Hunter [Proser], 274 App. Div. 311, affd. 298 N. Y. 828).
In order to arrive at the amount due, the award requires an explanation of allocations of receipts from “ block bookings ” or “ package deals ”, dispositions of spots or other consideration received in barter transactions and a “ complete accounting of transactions of NTA Film Network, Inc., or any other *676 affiliated organization ” pertaining to the television series. As afore-mentioned, these records cover a period of approximately 10 years. It is obvious that a determination of any amounts owed requires more than mere arithmetical computations. In effect, the arbitrator has delegated his power to decide the amount due to independent accountants and this he may not do (Publishers’ Assn. of N. Y. City v. New York Typo. Union No. 6, 168 Misc. 267, 274). ‘ ‘ Businessmen and accountants can well disagree as to what a set of books shows as being ‘ due ’ to a party. An award must be clear enough to indicate unequivocally what each party is required to do.” (Matter of Overseas Distrs. Exch. [Benedict Bros.], 5 A D 2d 498, 499.) The determination of amounts due was for the arbitrator, and “ The absence of a mutual, final definite award upon the subject matter submitted requires a remand to the arbitrators for further action.” (Matter of Overseas Distrs. Exch. [Benedict Bros.], supra, p. 499.) The arbitrator here, having heard all the evidence and being the one most familiar with the issues would be the proper party to make this determination, and the respondent’s bare assertions are insufficient to show such impropriety as would require a substitution. Accordingly the motion is denied and the cross motion is granted. The matter is directed to be resubmitted to the same arbitrator to fix the obligations of the parties in a definite manner.