Burke, J.
(dissenting). We dissent. The main issue in this case is whether the arbitrator’s award complies with the statutory requirement that it be a “ mutual, final and definite award upon the subject-matter submitted” (Civ. Prac. Act, § 1462, subd. 4, now CPLR 7511, subd. [b], par. 1, cl. [iii]). The reason for these requirements is simple and straightforward. It is, as Judge Andrews put it in Hiscock v. Harris (74 N. Y. 108, 113), that the parties “ may not be remitted to a new controversy ”. In accordance with this principle, the courts of this State have through the years upheld awards with sliding scale references to future facts as long as, at the time fixed for the reference, the blank could be filled in by a ministerial act of “ arithmetical calculation ” (21 Carmody-Wait, New York Practice, p. 546). Such a procedure has no possibility of giving rise to a new controversy. Thus, an award to an agent of a percentage of the receipts of a performer was upheld though the dollar amounts of the performer’s earnings lay in the future (Matter of John Gibbs Agency [Beatty], 31 Misc 2d 876). Similarly in Matter of Hunter (Proser) (274 App. Div. 311, affd. 298 N. Y. 828) an award was upheld that provided for a theatrical director to receive a flat weekly sum plus specified percentages from “ the gross weekly box-office receipts ”.
It may thus be seen that the statutory requirement is met by an award which contains a wage scale which is to fluctuate according to some independent factor. But it is obvious that, *216 to be final and definite, the factor to which reference is made must not be itself determinable in a way that may render the award indefinite or meaningless. (Herbst v. Hagenaers, 137 N. Y. 290; Matter of Overseas Distrs. Exch. [Benedict Bros, & Co.], 5 A D 2d 498.)
The question here, then, is whether the differential utilized by the arbitrator ‘1 ***V.definitely ’ ’ will give an intelligible result, no matter how the factor referred to is determined (such as a reference to a cost of living index or prevailing wage rate). If a possibility exists that, it may not, the award lacks finality and definiteness. Of course, it may well happen that MEBA, by bargaining or arbitration, may obtain a wage scale based on fixed dollar amounts, in which case the two awards can operate intelligibly together. But this is not the point. If the Legislature were satisfied with the possibility, or even probability, that potential controversies would not arise, it would not have enacted subdivision 4 of section 1462. It might have reasoned, as does the court here, that future problems should be solved sui generis as they arise. But we do have subdivision 4 of section 1462 and cannot ignore its requirement that awards which leave any room at all for future controversy are presently invalid.
Since the court emphasizes that this award does not bind MEBA, it must follow that MEBA can demand its own arbitration with the mutual employer, States Marine, at which it may be determined that another differential, inconsistent with that determined here, should be fixed.[1] We would then have two awards, binding the same employer; one, that deck officers must be paid (in the case of the staff captain, for instance) $100 more than the chief engineer, and the other, quite possibly, that the chief engineer must be paid $75 less than the staff captain, or indeed, $50 or $75, or any amount more than the staff captain. If these, binding as they do the same employer, States Marine, are both valid, then we simply do not understand the meaning of the word. Far from resolving the differential *217 by “ arithmetical calculations ” (Matter of Overseas Distrs. Exch. [Benedict Bros. & Co.], supra, p. 499) simple arithmetic demonstrates that no answer at all is possible.
It is suggested, by way of avoiding the conflict, that the dilemma thus created is not the result of this award, but of the second award. Aside from the fact that any suggestion to postpone judicial action is inconsistent with the mandate of subdivision 4 of section 1462, we do not agree that any resultant incompatibility of awards is more the “fault ” of the second than of the first. If the one is upheld then so must any other reached on the same principle, viz., determining a wage at some dollar amount above or below that payable to another class of employees of the same employer. Surely it is not suggested as a rule of law that the privilege of bargaining for status belongs to those who can get to arbitration first. Nor, we note, do the rules controlling impossibility or frustration in the law of contracts have relevance. The law of contracts obviously has no subdivision 4 of section 1462 invalidating an agreement because of the possibility of such eventualities before they actually arise.[2] The law of arbitration does, and we think it is violated here. We would reverse.
Chief Judge Desmond and Judges Dye and Foster concur with Judge Fuld ; Judge Burke dissents and votes to reverse in an opinion in which Judges Van Voorhis and Scileppi concur.
Order affirmed.

. Any implication that they are not free to do so, and establish a differential other than that fixed here, impales respondent’s argument on the other horn of a dilemma, i.e., that of attempting to bind those not before the arbitrator. (Matter of Brescia Constr. Co. v. Walart Constr. Co., 264 N. Y. 260, 265; Fin-silver, Still & Moss v. Goldberg, Maas & Co., 253 N. Y. 382, 390-391; Dubinsky V. Imerman Undergarment Corp., 157 N. Y. S. 2d 439).

. We but note in passing that differential provisions keyed to (diesel) engineer’s wages contained in previous wage agreements do not prevent appellant from contesting this award. There is no such thing as estoppel by previous contract. Also, as noted above, what parties may reach by voluntary contract is not the measure of an arbitrator’s power under subdivision 4 of section 1462 of the Civil Practice Act.