■ In the Matter of DION IVEY, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Appellants. — Order, Supreme Court, New York County (Klein, J.), entered May 4, 1984, which, *inter alia,* granted the petitioner's CPLR article 78 petition to the extent of remanding the matter to respondents for the scheduling of arbitration, unanimously modified, on the law, so as to dismiss the petition as against the respondent-appellant union Council 82, AFSCME, AFL-CIO, and otherwise affirmed, without costs.

This article 78 proceeding was commenced by Dion Ivey seeking his reinstatement as a correction officer. Petitioner had been terminated from his employment at the Bedford Hills Correctional Facility for his alleged failure to execute an agreement settling certain disciplinary charges prior to those charges being submitted to arbitration.

The undisputed failure of the Department of Correctional Services to send the settlement papers to the petitioner's correct address, as well as the rest of the circumstances disclosed on this appeal, fully justifies Special Term's determination that petitioner's dismissal for failure to proceed with arbitration was arbitrary and capricious. However, we would dismiss the petition as against the respondent-appellant Council 82, AFSCME, AFL-CIO. A voluntary, unincorporated association such as Council 82 is not a body or officer against whom an article 78 proceeding can be maintained. (*Matter of Phalen v Theatrical Protective Union No. 1,* 27 AD2d 909, *revd on other grounds* 22 NY2d 34, *cert denied* 393 US 1000.) Accordingly, Council 82's cross motion to dismiss the petition should have been granted. Concur — Murphy, P. J., Ross, Lynch, Milonas and Ellerin, JJ.