■ MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Appellant-Respondent, v SHELDON H. SOLOW, Doing Business as SOLOW BUILDING COMPANY, Respondent-Appellant.—Order of the Supreme Court, New York County (William P. McCooe,

J.), entered February 6, 1985, which denied plaintiff's cross motion to confirm the arbitrator's award, for leave to serve an amended and supplemental complaint and for related temporary injunctive relief and which denied defendant's motion to vacate the award and which remanded the matter to the arbitrators for the purpose of computing the amount due under the terms of the award, unanimously modified, on the law and the facts and in the exercise of discretion, (1) to confirm the award dated November 20, 1984 as a final and definitive award; (2) to permit plaintiff to serve an amended and supplemental complaint; and (3) to temporarily enjoin defendant from serving demands for escalation in rent which vary from the formula found to be applicable by the arbitrators except as may be agreed to by the parties or necessitated by modifications in the collective bargaining assessment or agreements by which the defendant is or will hereafter be bound, and otherwise affirmed, with costs to plaintiff.

The controversy before us centers upon a lease dated August 16, 1973, pursuant to which plaintiff Morgan leased from defendant Solow seven and a fraction floors in premises 9 West 57th Street for a period of 25 years. In addition to a fixed rent, Morgan was required to pay additional rent under an escalation clause based upon the increase in wages granted to certain workers pursuant to the collective bargaining agreements by which Solow is bound. Prior to its entry into the lease Morgan requested and received from Solow a sample calculation of how the escalation clause would work. The lease includes a "pay now, fight later" clause, i.e., upon receipt of a bill for additional rent Morgan is required to pay the amount demanded. If the amount is disputed, Morgan may demand arbitration. Upon a determination by the arbitrators that there has been an overpayment, Solow is then required to repay the overpayment to Morgan with interest, or to credit the overpayment against future rent.

Up to 1980, Solow calculated additional rent on the basis of the formula provided to Morgan prior to its entry into the lease. In 1980, Solow submitted to Morgan a wage escalation notice based on a method of computation substantially different from that used in preceding years. When Morgan protested this new method of calculation, it was informed that the prior formula was erroneous. By consequence, plaintiff demanded arbitration. However, difficulties arose in completing the panel of arbitrators and the demand for the escalated rent due for 1981 was served prior to the completion of the arbitration panel. This time, the formula employed differed

not only from the pre-1980 formula, it also differed from that employed in 1980. Moreover, it included bills for prior years. Again arbitration was demanded. At or about the same time Morgan brought this action seeking a declaration that the new methods of calculation employed by Solow were in violation of the lease and demanding a refund of all excess escalated rent previously paid. The thinking behind the action was that Morgan, as a result of the changes in the formula employed in computing the additional rent, would be fixed with annual arbitrations. Under the "pay now, fight later" clause it would be compelled to pay the sums demanded at peril of having its "valuable leasehold" terminated. The sums overpaid would be recouped only after the arbitrations were completed and the substantial difference in interest payable on the arbitration award and the interest available in the then current market would amount to low interest loans to Solow, subsidized by Morgan.

Moreover, at or about the time that this controversy was brewing, Avon, another tenant in the building, had proceeded against Solow by bringing an action against him, which Solow had sought to and did stay pending arbitration *(Avon Prods. v Solow,* 79 AD2d 53, affd 54 NY2d 637). However, the issue of arbitrability was not finally resolved until after the commencement of the action by Morgan. Based upon the determination in *Avon,* Solow moved to dismiss Morgan's complaint. Special Term granted that motion to the extent only of staying the action pending arbitration.

Meanwhile, and prior to the commencement of the hearings in arbitration which began in February 1984, Solow served its demands for the escalated rents for 1982 and 1983. Whatever the reasons, Morgan did *not* demand arbitration with respect thereto.

Before or during the arbitration Solow served his demand for escalated rent for 1984. Morgan objected thereto and demanded arbitration. That claim was heard by the arbitrators by agreement of the parties and is encompassed within their award.

After the completion of the arbitration hearings and within the time fixed for decision by stipulation of the parties, the arbitrators, by a vote of two to one, rendered an award in which they determined: (1) that the pre-1980 formula used in calculating the wage rate and base wage rate under the lease is the correct one; (2) the elements to be utilized in computing the costs of peripheral employment benefits; (3) that the

institution of this action did not constitute a waiver by Morgan of its right to arbitrate the 1981 wage escalation dispute; (4) that by failure to file demands for arbitration in connection with the 1982 and 1983 wage disputes Morgan had waived any claims with respect thereto; and (5) Solow was directed forthwith to calculate and repay Morgan the excess payments made under the 1980, 1981 and 1984 wage escalation demands with interest at the legal rate from the date of payment by Morgan to the date of repayment by Solow.

Finally, the arbitration panel retained jurisdiction for the limited purpose of determining any controversy over the amount to be repaid.

When Solow made no effort to submit the calculations requested by the arbitrators Morgan did so and forwarded a copy to Solow. Solow then stated that he would make no comment on Morgan's computations because he intended to challenge the award.*

Solow thereafter moved to set aside the award contending, among other things, it misconstrues the lease and that two of the three arbitrators had not been sworn as required by law (CPLR 7506 [a]). Morgan cross-moved, among other things, to confirm the award, for leave to serve an amended complaint and for injunctive relief (a) precluding Solow from making any demands for escalated rent inconsistent with the award and (b) staying Solow from taking any steps to terminate Morgan's lease. Special Term denied both the motion to vacate and the cross motion to confirm, holding that the award of the arbitrators was interlocutory and that the courts had no power to review a nonfinal determination (Mobil Oil Indonesia v Asamera Oil [Indonesia], 43 NY2d 276). It remanded that phase of the arbitration to the arbitrators to determine the amount due to Morgan. As to the other relief sought by Morgan, it asserted that a basis therefor had not been established.

We are of the opinion that the award rendered by the arbitrators is final and binding. Initially, we note, there is no indication that they were called upon to compute the amounts due. Indeed, it was Solow's contention that he had the right to alter the formula upon which the computations were based. Secondly, the arbitrators fixed the formula upon which the escalated rent was based, the real issue they were called upon

---

* We are informed both on argument and by Morgan's brief that the arbitration panel thereafter convened, adopted the figures submitted by Morgan and rendered an award in that amount. We are further informed that the award has since been confirmed by Special Term.

to decide. All that remained was a calculation of the amount due based upon that formula. This was a mere ministerial act and did not detract from the finality of the award *(Matter of States Mar. Lines [Crooks],* 13 NY2d 206, *affg* 19 AD2d 1; *Matter of Hunter [Proser],* 274 App Div 311, *affd* 298 NY 828; *Matter of Overseas Distribs. Exch. [Benedict Bros. & Co.],* 5 AD2d 498). Where "[t]he formulae for the computations are so clear and specific that the determination of the amounts owing * * * is merely an accounting calculation", the award is final and definite and is required to be confirmed *(Matter of Hunter [Proser], supra,* 274 App Div 311, 312).

The issue that two of the arbitrators were not sworn is, we think, a contrived one. The lease provided that the arbitration was to be pursuant to the rules of the American Arbitration Association. Those rules do not provide for the swearing of arbitrators. No claim is made that the arbitrators were guilty of misconduct. Moreover, if Solow had intended to assure himself that the statutory requirement had been complied with, appropriate inquiry should have been made at the outset of the hearing, particularly in light of the fact that the rules of the AAA do not provide therefor, and a demand to that affect should have been made. By failing to do so Solow, by his conduct, has waived his right to object thereto.

With respect to the motion to amend and supplement Morgan's complaint, it is apparent that the entire posture of the action has been altered since its initiation. There is now no need for a declaration that the pre-1980 formula is the correct one. That question has been decided by the arbitrators. What is now sought is a quieting of the relationship with respect thereto. That a need therefor exists is established by the fact that subsequent to the rendition of the award Solow served a demand for the 1985 escalation based upon a formula other than that found by the arbitrators to be the correct one. Morgan fears, and the service of the 1985 demand for escalated rent lends a substantial measure of reality to that fear, that it will be faced with annual arbitrations which, in light of the "pay now, fight later" provisions of the lease will amount to "low cost loans" to Solow, subsidized by Morgan. Refusal to abide by the requirement for such payment may well give rise to the threat, or to the reality, of eviction proceedings. Given these circumstances we think that continuance of the suit, in its altered posture, is warranted. Thus, leave to serve the amended and supplemental complaint should have been granted.

We come then to the request for injunctive relief. In the

circumstances indicated, we hold that the parties are bound by the formula established by the arbitrators for the calculation of escalated rents for the balance of the lease, save only as that formula may be modified by agreement of the parties or necessitated by changes in the collective bargaining agreement by which Solow is bound. Relitigation of that issue is barred by the doctrine of res judicata or collateral estoppel, the applicability of which is a matter to be determined by the courts and not the arbitrators *(Matter of Conforti & Eisele, [William J. Scully, Inc.], 98 AD2d 646)*. It follows that plaintiff has established its entitlement to temporary injunctive relief precluding computation of the escalated rents on any basis other than that determined by the arbitrator save for the limitations hitherto indicated. Concur—Sandler, J. P., Sullivan, Bloom, Lynch and Kassal, JJ.