■ 1000 SECOND AVENUE CORP., Appellant, v PAULINE ROSE TRUST et al., Respondents.—Order and Judgment (one paper), Supreme Court, New York County (Herman Cahn, J.) entered November 2, 1990, which dismissed the petition seeking to set aside an arbitration award, unanimously affirmed, with costs.

Petitioner is the prime tenant of commercial premises owned by respondent. At the time petitioner's initial lease expired in 1985, petitioner exercised its option for an additional 21 year term. No agreement as to the rent could be reached and the matter was submitted to arbitration as provided in the lease. Pursuant to the arbitration award which was subsequently rendered, the petitioner paid back rent due

and monthly rent in a sum certain. Respondents never moved to confirm the arbitration award.

CPLR 7511 (a) provides that "[a]n application to vacate or modify an award may be made by a party within ninety days after its delivery to him." While an aggrieved party may wait to challenge an award until the opposing party has moved for its confirmation, it does not extend the time in which the aggrieved party may move to vacate or modify the award. *(Matter of Malatestinic v Board of Educ.,* 132 AD2d 661.) Therefore, the petition brought to set aside the award was untimely.

Even if the petition was submitted timely, it would be without merit. CPLR 7511 (b) (1) (ii) permits vacatur where a party has been prejudiced by the "partiality of an arbitrator appointed as a neutral". Petitioner does not contend that the neutral arbitrator was not impartial. Moreover, it was aware of the alleged bias at the time of the arbitration and therefore it has waived any alleged prejudice. *(Matter of Namdar [Mirzoeff],* 161 AD2d 348.) Concur—Murphy, P. J., Milonas, Ross and Asch, JJ.