■ In the Matter of MARILYN SNYDER-PLAX et al., Appellants, v AMERICAN ARBITRATION ASSOCIATION, Respondent, and GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent. [602 NYS2d 64] —In a proceeding pursuant to CPLR article 78 to compel the American Arbitration Association to schedule a hearing to determine the amount of interest due to the

petitioners from Government Employees Insurance Company on arbitration awards of overdue no-fault benefits, the petitioners appeal from a judgment of the Supreme Court, Queens County (Leviss, J.), dated May 7, 1991, which denied the petition, and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs to the respondent-respondent.

On July 17, 1977, the appellants were injured in an automobile accident. When the Government Employees Insurance Company (hereinafter GEICO) failed to pay certain of the appellants' claims arising from the accident, the appellants sought arbitration pursuant to Insurance Law § 5106 (b). In awards dated December 17, 1984, the arbitrator concluded, *inter alia,* that the appellants' claims were valid and made specific awards for overdue medical benefits and lost wage claims. The awards also stated: "[GEICO] shall also pay * * * interest on the [awards] at the rate of two percent (2%) per month, compounded from overdue dates to date of payment * * * If the parties cannot agree on the overdue dates, I direct that a second hearing be held before me to make the specific determinations". GEICO paid the appellants their respective awards in February 1985 but did not pay any interest thereon. In July 1985 GEICO sent a check to the appellants for a sum which GEICO calculated to be the total interest due on the awards. This check was rejected by the appellants as insufficient and returned to GEICO.

On October 17, 1989, almost five years after the awards were originally rendered, the appellants' attorney wrote to the American Arbitration Association (hereinafter the AAA), advising it that the parties were unable to agree on the interest due and requesting that the AAA schedule a hearing "[p]ursuant to the Arbitrator's direction". The AAA responded that the arbitrator's decision was final when rendered, that the arbitrator could not re-open the matter without GEICO's consent, and that that consent was not forthcoming. As a result, the AAA considered "the matter closed".

In October 1990 the appellants commenced the instant proceeding to compel the AAA to schedule a hearing to determine the interest due the appellants. The Supreme Court denied the petition, holding that the appellants' request did not fall within the purview of CPLR article 78, but rather under CPLR article 75, and that the appellants had failed to timely apply for relief pursuant to CPLR article 75. We now affirm.

The appellants argue, *inter alia,* that the awards rendered by the arbitrator were not final awards and thus were not ripe for judicial intervention under CPLR article 75. "The 'awards' of arbitrators which are subject to judicial examination under the statute [CPLR article 75] * * * are the final determinations made at the conclusion of the arbitration proceedings" *(Mobil Oil Indonesia v Asanera Oil [Indonesia],* 43 NY2d 276, 281). "[An arbitrator's] reservation of jurisdiction to resolve disputes that *might* arise as the parties undertook to satisfy the award does not necessarily mean that the award is indefinite or nonfinal for purposes of CPLR 7511 *(see, Morgan Guar. Trust Co. v Solow,* 114 AD2d 818, *affd* 68 NY2d 779). An award is deficient in this regard and subject to vacatur only if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted, or if it creates a new controversy *(see, Hiscock v Harris,* 74 NY 108, 113; *Matter of Guetta [Raxon Fabrics Corp.],* 123 AD2d 40, 44)" *(Matter of Meisels v Uhr,* 79 NY2d 526, 536; emphasis added).

Despite the language in the awards which left open the possibility of a further hearing concerning the amount of interest, the awards, as rendered, clearly resolved the underlying controversy between the parties and thus were final and definite for purposes of CPLR article 75. The awards determined that the appellants were entitled to recover for the claims arising from the accident, awarded specific amounts therefor, and even set forth the statutory rate of interest of 2% per month. All that remained to be done was, in effect, merely an accounting calculation to determine the interest due on the awards—a ministerial act which did not detract from the finality of the awards *(see, Morgan Guar. Trust Co. v Solow,* 114 AD2d 818, 822, *affd* 68 NY2d 779, *supra; Matter of States Mar. Lines [Crooks],* 13 NY2d 206, *affg* 19 AD2d 1; *cf., Matter of Adelstein v Manzo, Inc.,* 61 AD2d 933). Moreover, the failure to fix actual accrual dates in the awards only raised the possibility that there would be further controversy between the parties; it did not mandate that a second hearing take place. Where an arbitrator has adjudicated the controversy but has retained jurisdiction solely to resolve any potential disputes concerning the execution of the award, the award is not lacking in definiteness or finality *(see, Matter of Meisels v Uhr,* 79 NY2d 526, *supra).*

It is also clear that an arbitrator's powers to adjudicate a controversy cease upon the rendering of an award, except for a timely request to the arbitrator to modify the award pursu-

ant to CPLR 7509 *(see, Levine v Klein,* 70 AD2d 532). Thus, even assuming, arguendo, that the awards were not final because of the failure to determine interest, the appellants' only remedies were to make such request to the arbitrator, or to make a motion to vacate or modify the award on the basis that they were "imperfectly executed" *(see,* CPLR 7509, 7511 [b] [1] [iii]), or to oppose their confirmation under CPLR article 75 *(see, Matter of Pierre v General Acc. Ins.,* 117 Misc 2d 88, *affd* 100 AD2d 705; *see also, Integrated Sales v Maxell Corp.,* 94 AD2d 221).

A proceeding pursuant to CPLR article 78 is the improper vehicle to seek judicial intervention regarding an arbitration award. Nor is the AAA, as a voluntary unincorporated association, a "body or officer" against which a proceeding pursuant to CPLR article 78 may be maintained *(see, Matter of Ivey v Coughlin,* 111 AD2d 648; CPLR 7802).

Further, the appellants' failure to timely seek relief within the time limitations of CPLR article 75 precludes the granting of alternative relief under CPLR article 75.

Accordingly, the judgment denying the petition is affirmed. Thompson, J. P., Miller, Santucci and Joy, JJ., concur.