◼ Avon Products, Inc., Respondent, v Sheldon H. Solow, Appellant. Avon Products, Inc., Respondent-Appellant, v Sheldon H. Solow, Appellant-Respondent. [626 NYS2d 493] —Order and judgment (one paper), Supreme Court, New York County (Edward Greenfield, J.), entered on or about February 25, 1991, which, *inter alia,* confirmed the arbitration award dated April 16, 1990, unanimously affirmed, without costs.

Order, same court and Justice, entered July 16, 1993, which, *inter alia,* denied relief sought by plaintiff specifically direct-

ing defendant to withdraw its 1991 Notice of Change in Wage Rate as it was in violation of the court's February 1991 order and judgment, unanimously affirmed, without costs.

Order, same court and Justice, entered November 19, 1993, which, *inter alia,* denied defendant's cross-motion to vacate the February 1991 order and judgment confirming the arbitration award on the purported grounds of newly discovered evidence, unanimously affirmed, with costs.

Order, same court and Justice, entered June 10, 1994, which denied defendant's motion to renew prior motions to vacate the February 25, 1991 order and judgment and denied its motion to compel discovery, unanimously affirmed, with costs.

Order and judgment, same court and Justice, entered March 11, and June 6, 1994, respectively, which, *inter alia,* granted plaintiff summary judgment permanently enjoining defendant from sending plaintiff any further notices or bills for additional rent inconsistent with the underlying arbitration award, unanimously affirmed, with separate bill of costs.

In light of the fact that defendant only appealed from the court's February 1991 order and judgment to the extent that it denied its cross-motion to modify the interest portion of the April 16, 1990 arbitration award (which appeal has since been effectively abandoned by defendant), and never appealed the court's confirmation of the arbitration award, the 1991 order and judgment, insofar as it confirmed the arbitration award which expressly determined how wage rate escalation "shall" be computed for "1980, 1981, *and years thereafter"* (emphasis added), is a final order and judgment. When defendant, in May 1991, served plaintiff a wage escalation bill utilizing the method the arbitrators and court specifically prohibited, defendant was in defiance of the court's February 1991 order and judgment. Accordingly, the court's grant of injunctive relief, enjoining defendant from disobeying the court's prior order and judgment, was patently proper. *(See, Matter of Hunter [Proser],* 274 App Div 311, 312, *affd* 298 NY 828.)

While defendant attempts to argue that the arbitration award should be denied any effect beyond one year, he is precluded from raising said argument. These are some of the arguments the court considered and rejected in its 1991 confirmation order and judgment which has *res judicata* effect as between the instant parties *(see, Morgan Guar. Trust Co. v Solow,* 114 AD2d 818, 823, *affd* 68 NY2d 779). Defendant is not permitted to force plaintiff to rearbitrate the same dispute that has already been definitively resolved against defendant for all years.

Defendant's post-judgment motions, which essentially concern alleged arbitral bias, styled in many different forms *(e.g.,* motion to vacate the award, motion to vacate a court judgment confirming the award, and a motion seeking renewal or reargument of prior motions), and which all seek to challenge the merits of the February 1991 confirmation order and judgment, are time barred by CPLR 7511 (a) *(see,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.01, at 50-300; *see also, Karlan Constr. Co. v Burdick Assocs. Owners Corp.,* 166 AD2d 416, 416-417; *Kwasnik v Willo Packing Co.,* 61 AD2d 791; *1000 Second Ave. v Pauline Rose Trust,* 171 AD2d 429). Quite apart from defendant's failure to comply with the 90-day time limit prescribed by CPLR 7511 (a), he also failed to satisfactorily demonstrate that any of the so-called newly discovered evidence was unavailable to him at the time of the motion to confirm the arbitration award *(see, Foley v Roche,* 68 AD2d 558, 568). Finally, we observe that defendant failed to show that any of the alleged biases of the neutral arbitrator prejudiced defendant *(see, Rose v Lowrey & Co.,* 181 AD2d 418, 419).

We have considered all other claims raised by the parties and find them to be meritless; indeed defendant's arguments border on the frivolous. Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Mazzarelli, JJ.