■ Avon Products, Inc., Respondent, v Sheldon H. Solow, Appellant. Avon Products, Inc., Respondent, v Sheldon H. Solow, Appellant. Avon Products, Inc., Respondent, v Sheldon H. Solow, Respondent-Appellant. [704 NYS2d 255] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered on or about December 31, 1998 in each of the above-captioned proceedings, which, insofar as appealed from, denied appellant's application to vacate, pursuant to CPLR 5015 (a) (4), Judiciary Law § 14, and the Due Process Clause of the Fourteenth Amendment to the Federal Constitution, all judicial actions of the Supreme Court in such proceedings from March 1994 onward on the ground that the presiding Justice was then disqualified, and further seeking to have such Justice recuse himself from ruling on the instant application, unanimously affirmed, with costs.

The Justice who presided over the underlying litigation, which was finally determined three years prior to the making of the application giving rise to this appeal (see, *Avon Prods. v Solow*, 215 AD2d 247, *lv denied in part and dismissed in part* 86 NY2d 828), did not become "interested" in the matters before him within the meaning of Judiciary Law § 14, and therefore disqualified to continue to sit in the case, as the result of his becoming aware, through papers filed with the court, that an investigator possibly employed by appellant had made inquiries concerning the Justice's law secretary, at the same time the Justice was aware of the pendency of a law enforcement investigation of matters relating to certain unrelated cases that were also before him. Appellant has adduced no evidence suggestive of any impropriety whatsoever relating to the conduct of any judicial business in this or any other litigation before the Justice. In the absence of statutory grounds for recusal, the Justice had discretion to continue to sit in the case under the circumstances (see, *People v Moreno*, 70 NY2d 403; *Yannitelli v Yannitelli & Sons Constr. Corp.*, 247 AD2d 271, *lv denied* 92 NY2d 875; *Matter of Johnson v Hornblass*, 93 AD2d 732). Appellant's argument that recusal was required as a matter of Federal constitutional law is wholly without merit, as is his argument that he is entitled to discovery in support of his application. Concur—Williams, J. P., Tom, Rubin and Saxe, JJ.

■ In the *Matter of* Lawrence H. Fine (Admitted as Lawrence Howard Fine), a Suspended Attorney. [706 NYS2d 621] Motion for reinstatement and other relief denied, as indicated. No opinion. Concur—Nardelli, J. P., Williams, Mazzarelli, Wallach and Lerner, JJ.