OPINION OF THE COURT
Nicholas Figueroa, J.
*326 Petitioner seeks an order compelling respondent American Arbitration Association (AAA) to enter a default judgment against her former employer, The Williams Capital Group, L.P, because of its noncompliance with the arbitrator’s ruling.
Petitioner was employed as a bond salesperson by Williams from January 1999 through February 28, 2005 when she was fired. She then filed an employment discrimination complaint with the New York State Division of Human Rights that she withdrew after eight months’ litigation.
Petitioner, a registered securities industry representative, commenced the instant AAA arbitration demand in December 2005 alleging discrimination under title VII of the Civil Rights Act of 1964, the Executive Law and the New York City Human Rights Law.
In 2000, Williams promulgated an employee handbook, received by petitioner, requiring employees to arbitrate their disputes before the AAA instead of the National Association of Security Dealers (NASD). At that time, the AAA’s national rules provided: “The arbitrator’s compensation shall be borne equally by the parties unless they agree otherwise, or unless the law provides otherwise.”
The Parties’ Agreement
In September 2000 the parties signed an arbitration agreement that provided, consistent with the AAA rule then in effect, “The Company and I [petitioner] shall equally share the fees and costs of the Arbitrator.”
In the section titled “Arbitration Procedure” the parties further agreed that, “The company and I [petitioner] agree that, except as provided in this Agreement, any arbitration shall be in accordance with the then current Model Employment Arbitration Procedures of the American Arbitration Association . . . .”
On January 3, 2006, within days of petitioner filing her arbitration demand, and two years after the parties’ agreement, the AAA alerted the parties that the arbitrator’s fees would be paid in accordance with AAA rule 48 which provides: “The employer shall pay the arbitrator’s compensation unless the employee, . . . post dispute, voluntarily elects to pay a portion of the arbitrator’s compensation.”
Petitioner made no such election, therefore rule 48 is in direct opposition to the parties’ September 2000 arbitration agreement to equally share the fees and costs of the arbitrator.
*327 On January 3, 2006 the AAA further notified the parties that in the event of a conflict between the arbitration agreement and AAA rules, the arbitrator would apply AAA rules.
Williams asserts the new rules conflict with the parties’ original agreement “that, except as provided in this Agreement, any arbitration shall be in accordance with the Arbitration Procedures of the American Arbitration Association.”
The critical question thus becomes, does the parties’ inclusion of the above words “except as provided in this Agreement,” trump the AAA’s subsequent rule change that the employer (Williams) would pay all of the arbitrator’s compensation?
On March 30, 2006, the AAA sent Williams’ attorney an invoice for $42,300. Williams in turn asked petitioner to pay half as per their cost splitting agreement. This request was refused.
The AAA Position
On September 19, 2006, the AAA replied that its rule concerning the arbitrator’s compensation superseded any provision in the employee’s manual, and that “Rule 1 . . . provides that. . . if a party establishes that an adverse material inconsistency exists between the arbitration agreement and these rules, the arbitrator shall apply these rules.”
Having received no payment, the AAA cancelled the arbitration proceeding and prepared to dismiss it entirely. This court has stayed the dismissal.
The Parties’ Positions
Williams claims it purposely inserted “except as provided in this Agreement” because it was foreseeable that the AAA could change its fee splitting rule.
Moreover, Williams contends that the language “squarely [put] Petitioner on notice that it would not pay Petitioner’s share of the arbitrator’s compensation.”
Petitioner demands that the AAA declare a default and enter judgment against Williams or that Williams be compelled to participate in the arbitration proceedings by paying the invoiced arbitration fees.
Analysis
This court, in applying established principles of contract law, may not ignore the plain language of the parties’ employment *328 agreement in which they agreed that the contract, not future changes in AAA rules, would govern the question of the arbitrator’s compensation.
In the instant case, the parties specifically agreed to be bound by their contract’s provisions and not the AAA forum’s rules concerning the arbitrator’s compensation. Petitioner’s lucrative employment constitutes valuable consideration for the agreement (see Credit Suisse First Boston Corp. v Pitofsky, 4 NY3d 149, 154-155 [2005]).
The arbitration agreement’s specific provisions must take precedence over the forum’s rules, because without an express agreement to arbitrate, there could be no arbitration (see Matter of Waldron [Goddess], 61 NY2d 181, 183 [1984]). Therefore, the rights of the parties must be governed by the provisions in effect on the date of their arbitration agreement.
When parties agree to arbitrate they chart their own course. “The law does no more than lend its sanction to the agreement of the parties, the court’s role being limited to the enforcement of the terms of the contract.” (Matter of Astoria Med. Group [Health Ins. Plan of Greater N.Y.], 11 NY2d 128, 133 [1962].) The parties unambiguously agreed that they would be bound by the AAA rules, “except as provided in th[e] Agreement.” In other words, the court may not rewrite this unambiguous agreement by compelling respondent to comply with an AAA rule that petitioner agreed would not bind the parties (see Fiore v Fiore, 46 NY2d 971, 973 [1979]).
The AAA is immune from CPLR article 78 litigation. “A proceeding pursuant to CPLR article 78 is [not the proper] vehicle to seek judicial intervention regarding an arbitration [decision] . . . [T]he AAA [i]s a voluntary unincorporated association, [not] a governmental ‘body or officer’ against which a proceeding under CPLR article 78 may be maintained . . . .” (Matter of Snyder-Plax v American Arbitration Assn., 196 AD2d 872, 875 [1993].) Therefore, the court cannot grant any relief against the AAA.
As noted, the parties specifically agreed to share arbitration fees in their contract. The court cannot ignore that agreement. Therefore, if petitioner seeks to arbitrate her claim, she must pay her portion of the AAA fee.
*329 Decision
Accordingly, the petition is denied and the proceeding dismissed.