Matter of Bornstein v Steinberg (2019 NY Slip Op 06201)





Matter of Bornstein v Steinberg


2019 NY Slip Op 06201


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-00490
 (Index No. 502028/13)

[*1]In the Matter of Nathan Bornstein, etc., appellant,
v
Morris Steinberg, etc., respondent.


Law Office of Joseph J. Schwartz, P.C. (Seddio & Associates, P.C., Brooklyn, NY [Frank Seddio], of counsel), for appellant.
Herrick, Feinstein LLP, New York, NY (Avery S. Mehlman and Samuel J. Bazian of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated May 21, 2012, the petitioner appeals from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated November 2, 2017. The order, in effect, denied the petition to confirm the arbitration award, vacated the arbitration award, remitted the matter for a new hearing before a new arbitration panel, and dismissed the proceeding.
ORDERED that the order is reversed, on the law, with costs, the petition to confirm the arbitration award is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment.
The petitioner, Nathan Bornstein, commenced this proceeding to confirm an arbitration award rendered by a rabbinical court, which arose out of a dispute over investments in life insurance policies with the respondent, Morris Steinberg. According to the arbitration award, Steinberg acknowledged that he owed Bornstein a debt of $2,011,381. The Supreme Court, in effect, denied Bornstein's petition to confirm the arbitration award, vacated the arbitration award, remitted the matter for a new hearing before a new panel of arbitrators, and dismissed the proceeding. Bornstein appeals.
"[J]udicial review of arbitration awards is extremely limited" (Jurcec v Moloney, 164 AD3d 1431, 1432 [internal quotation marks omitted]). "A court is required to grant a timely application to confirm an award unless the award is vacated or modified upon a ground specified in section 7511'" (Jurcec v Moloney, 164 AD3d at 1432, quoting CPLR 7510). "A party seeking to overturn an arbitration award on one or more grounds stated in CPLR 7511(b)(1) bears a heavy burden, and must establish a ground for vacatur by clear and convincing evidence" (Jurcec v Moloney, 164 AD3d at 1432 [internal quotation marks omitted]).
Here, Steinberg did not establish that the award should be vacated pursuant to CPLR 7511 (see Jurcec v Moloney, 164 AD3d at 1432). The arbitration award resolved the underlying controversy between Bornstein and Steinberg in determining that Steinberg owed the fixed sum of [*2]$2,011,381 to Bornstein (see Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C., 24 AD3d 778, 779; Matter of Snyder-Plax v American Arbitration Assn., 196 AD2d 872, 874). Therefore, the award was "final and definite for purposes of CPLR article 75" (Matter of Snyder-Plax v American Arbitration Assn., 196 AD2d at 874; see Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C., 24 AD3d at 779). The possibility of future disputes regarding the execution of the award did not render the award "lacking in definiteness or finality" (Matter of Snyder-Plax v American Arbitration Assn., 196 AD2d at 874). Additionally, contrary to Steinberg's argument, the arbitration panel did not exceed its power in proceeding in the absence of Steinberg's mother, because she is not a party to the arbitration and Steinberg failed to establish that her absence warranted vacating the arbitration award (see CPLR 7511[b][1][iii]; Matter of Antique Rug Dealers Assn. [Hakimian], 210 AD2d 111, 111). Since Steinberg failed to show by clear and convincing evidence a basis for vacating the award pursuant to CPLR 7511, the Supreme Court should have granted Bornstein's petition to confirm the award (see CPLR 7510; Jurcec v Moloney, 164 AD3d at 1432-1433).
In light of the foregoing, we need not consider Bornstein's remaining contentions.
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court