In the Matter of the Arbitration between DEERING MILLIKEN & Co., INC., Respondent, and BOEPPLE SPORTSWEAR MILLS, INC., Appellant.

First Department, December 17, 1957.

*Harold Korzenik* of counsel (*Rothstein & Korzenik,* attorneys), for appellant.

*Aaron Rosen* of counsel (*Harold V. Kennedy* and *Frederic P. Houston* with him on the brief; *Otterbourg, Steindler, Houston & Rosen,* attorneys), for respondent.

*Per Curiam.* The question raised on a motion to vacate an arbitrators' award was whether the arbitrators, in their award on respondent's counterclaim, exceeded their powers. The contract between the parties limited the seller's liability for defective yarn to the difference in value between the yarn specified and the yarn actually delivered, and provided that "In no event shall Buyer be entitled to claim consequential damages". It is the petitioner seller's claim that the award made in favor of respondent buyer included consequential damages; therefore the arbitrators exceeded their authority under the contract.

The award does not reveal how the amount was calculated, but it is not apparent either from the award or the record before us that the arbitrators departed from the fixed formula for determining damages or that they allowed consequential damages. Special Term found it "possible" that the arbitrators included in their assessment of the buyer's damages items expressly eliminated, and granted petitioner's motion to the extent of remitting the matter to the arbitrators to reflect in their award the extent of respondent's damage, if any, within the limitation of the contract, to wit, on the basis of the difference in value between the yarn specified and the yarn actually delivered. The possibility of an excessive award seems to rest on the fact that the arbitrators may have received evidence irrelevant to the proper measure of damages and indicative of consequential damages. The proceedings before the arbitrators are not contained in the record before us.

We cannot agree with Special Term that the mere possibility of an award being in excess of arbitrators' powers, at least as far as that possibility is presented in this case, is warrant for vacating an award and remitting it for redetermination or correction. The court certainly cannot ordinarily review the admission of evidence by arbitrators and cannot assume from the admission of irrelevant evidence that the award made was responsive to that evidence rather than to the standard of judgment provided by the contract. The burden was upon petitioner to show that in fact the award made was in excess of the arbitrators' authority. Petitioner has failed to sustain that burden.

The order appealed from should be reversed, the motion to vacate the award should be denied, and the cross motion to confirm the award should be granted, with costs to appellant.

FRANK, J. (dissenting). We must determine if from the record it can be ascertained whether the arbitrators exceeded the powers given them under the terms of the arbitration agreement.

The pertinent provision of the agreement for submission reads as follows: "The limit of Seller's liability for defective yarn, shall be the difference in the value on the contract date of delivery between the yarn specified and the yarn actually delivered. * * * *In no event shall Buyer be entitled to claim consequential damages and in no event shall damages include profit on contemplated use or profit of any description.*" (Emphasis supplied.)

The contract thus expressly limits Milliken's liability for defective yarn and prohibits an award for consequential damages. The contract to arbitrate is the source of power and

authority of the arbitrators and the arbitrators may not exceed its scope (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.,* 252 N. Y. 284, 300).

In the numerous decisions which have established the rule that an award is final and conclusive and may not be disturbed for errors either in fact or in law, the cases all assume or state that the arbitrators exercised their powers within the scope of the jurisdiction conferred upon them by the submission. (*Matter of Wilkins,* 169 N. Y. 494; *Matter of Dembitzer* [*Gutchen*], 3 A D 2d 211; *Matter of Weiner Co.* [*Freund Co.*], 2 A D 2d 341; *Matter of Campe Corp.* [*Pacific Mills*], 275 App. Div. 634; *Matter of Pine St. Realty Co.* v. *Coutroulos,* 233 App. Div. 404; *Matter of Wheat Export Co.,* 185 App. Div. 723, affd. 227 N. Y. 595; *Bernhardt* v. *Polygraphic Co.,* 350 U. S. 198, 203; *Wilko* v. *Swan,* 346 U. S. 427, 435–438.)

When the arbitrators exceed the powers granted them under the contract of submission, it serves to vitiate the award, and requires it to be vacated (Civ. Prac. Act, § 1462, subd. 4; *Matter of Western Union Tel. Co.* [*Amer. Communications Assn.*], 299 N. Y. 177, 185; *Matter of Friedman,* 215 App. Div. 130, 138; *Matter of Sheffield Farms Co.,* 264 App. Div. 843). An award of damages not included in or prohibited by the submission is likewise invalid (*Matter of Stange* v. *Thompson-Starrett Co.,* 261 N. Y. 37, 43–47; *Matter of Conway,* 179 App. Div. 108).

It is noteworthy that in the *Stange* case, the Court of Appeals made a careful analysis of the computations of the arbitrators to reach its determination that the award disregarded the method directed by the agreement, although this was not apparent from the award itself.

In this matter, two of a number of invoices for the sale of textiles were submitted to arbitration. Milliken sought an award for the purchase price. Boepple counterclaimed for defective yarn. While, initially, the purchaser sought to submit issues with respect to the quality of merchandise delivered under other invoices, the seller contends that, upon objection, the purchaser withdrew that claim from consideration by the arbitrators. Upon that view of the record, the issues thus remaining for submission were the purchase price of the goods and the counterclaim for defective yarn. The award allowed recovery for the full purchase price, less a small allowance, for a total sum of $9,415 and then allowed Boepple the sum of $10,225 on its counterclaim, an amount in excess of the purchase price, without any indication of the basis upon which these damages were allowed. The arbitrators received in evi-

dence a schedule offered by Boepple which included items properly classified as a claim for consequential damages and loss of profits. The arbitrators were barred from a consideration of such items of damage.

The record does not contain a full transcript of the proceeding and in its barren state does not contain sufficient data to reconstruct the basis upon which the sum awarded on the counterclaim can be predicated. There was a dispute concerning 1,800 additional pounds of yarn claimed to be defective, but the purchaser expressly waived its claim with respect to that item.

Since the parties expressly limited the powers of the arbitrators, not alone by the written agreement, but by stipulation at the hearing, the award on the counterclaim may well demonstrate an exercise of power beyond that granted to the arbitrators by the contract.

Special Term, in " remitting the award to the arbitrators for correction " stated that " it is possible that the arbitrators did include in their assessment of the buyer's damages the items expressly eliminated in the contract ".

The majority holds that the mere " possibility " of an award including items not subject to arbitration does not justify vacating an award. I agree. But in this matter there is more than a possibility. While it cannot be stated with certainty, the record does disclose that the award on its face appears to reflect damages allowed in violation of the restriction contained in the submission.

Under the circumstances, the arbitrators should be required to clarify or correct the award. If they did not consider any item of consequential damage or loss of profits, they need only so state. If they did, then the quantum of the award made on the counterclaim should be corrected to eliminate such prohibited items.

The remission by Special Term, therefore, was proper and should be affirmed.

PECK, P. J., VALENTE and McNALLY, JJ., concur in *Per Curiam* opinion; FRANK, J., dissents and votes to affirm, in opinion.

Order reversed and the motion to vacate the award denied, and the cross motion to confirm the award granted, and judgment is directed to be entered in conformity with said award in favor of the respondent-appellant, with $20 costs and disbursements to the respondent-appellant.