■ In the Matter of BROOKROCK REALTY CORP., Appellant, v. FREDERIC S. BERMAN, as City Rent and Rehabilitation Administrator, Respondent.— Judgment of the Supreme Court, Queens County, dated November 28, 1967, affirmed, without costs. (*Matter of Morina v. Berman*, 31 A D 2d 630.) Christ, Acting P. J., Brennan, Rabin, Hopkins and Kleinfeld, JJ., concur.

■ In the Matter of the Arbitration between S. DICK DECICCO, Doing Business as WESTCHESTER AMUSEMENT COMPANY, Appellant, and FRANK VIVIANO, Doing Business as DUNWOODIE GOLF COURSE RESTAURANT, Respondent. — In a proceeding to vacate an arbitration award, petitioner appeals from (1) an order of the Supreme Court, Westchester County, dated April 15, 1968, which denied the application and confirmed the award; and (2) a judgment of the same court, entered July 11, 1968, on said award. Order and judgment affirmed, with one bill of $20 costs and disbursements. We find no merit in petitioner's argument that the arbitrator exceeded his power and failed to follow the procedure of CPLR article 75, within the meaning of CPLR 7511 (subd. [b], par. 1, cls. [iii], [iv]), by receiving in evidence testimony concerning alleged changes and modifications in the contract between the parties, after respondent's motion to stay arbitration had been denied by the court. Petitioner's claim in the arbitration proceeding was for damages for breach of contract; the nature of that contract was a proper question for consideration by the arbitrator; and his award in respondent's favor may not be set aside for mere errors of judgment, either as to the law or the facts (cf. *Matter of Wilkins*, 169 N. Y. 494, 496–497; *Matter of National Cash Register Co. [Wilson]*, 8 N Y 2d 377, 383; *Matter of Exercycle Corp. [Maratta]*, 9 N Y 2d 329, 334, 336; *Korein v. Rabin*, 29 A D 2d 351). Christ, Acting P. J., Brennan, Rabin, Hopkins and Kleinfeld, JJ., concur.