■ ALVIA SULPIZI et al., Appellants, v. CITY OF NEW ROCHELLE, Respondent, and RUTSTEIN HOLDING CORPORATION et al., Defendants.— In an action to recover damages for personal injuries and loss of services, plaintiffs appeal from a judgment of the Supreme Court, Westchester County, dated June 20, 1972, dismissing the complaint prior to submission of the case to the jury. Plaintiffs also appeal from an order of the same court, dated August 22, 1972, denying their motion for a new trial. Judgment reversed, on the law, and in the interests of justice, and a new trial granted, with costs to abide the event. No questions of fact were presented on this appeal. Appeal from order dismissed as academic. Plaintiff wife was injured when she fell on a sidewalk abutting North Avenue in the City of New Rochelle. The city's answer denied ownership of the sidewalk and denied that it had a duty to maintain the sidewalk. The proof at trial, which we view in a light most favorable to plaintiffs upon dismissal of the complaint, was that North Avenue is a busily-trafficked street in the city and that the sidewalk in question bordered on several neighborhood stores. Additionally, section 194 of the Charter of the City of New Rochelle provides that no construction shall take place " under the sidewalks of this city unless a permit for the same has been obtained from the building inspector." Trial Term dismissed the complaint, holding that the mere fact that the sidewalk rests within the boundaries of the city was insufficient to make out a prima facie case of control and further holding that there was no other proof of control. In our opinion, the fact that the sidewalk in question was within the boundaries of the city was sufficient to make out a prima facie case on the issue of control over the sidewalks. Sidewalks are geared to pedestrian traffic and, by this very characteristic, are local in nature. That the

adjacent street, which carries vehicular traffic, may be owned or even controlled by a more paramount governmental entity, is insufficient to defeat the presumption that the sidewalk is controlled by the municipality in which it is situated. The duty of the municipality, from which the presumption arises, is based upon its invitation to the public, either express or implied, to travel upon the sidewalks (see 19 McQuillian Municipal Corporations [1967 Rev. Vol.], § 54.35c). The rationale favoring such a presumption is also based upon the interests of justice and the requirements of orderly procedure. It is far easier for the municipality to sort out the complexities of the relationships between overlapping governmental units than it is for the plaintiff. To require a litigant to weave his way through the maze of these relationships before establishing a prima facie case would be to create an undue burden upon his cause of action. Even if we were not to find that plaintiffs had the benefit of this presumption we would reverse. Plaintiffs' counsel offered to prove, through the testimony of plaintiff husband, that the area of the sidewalk where the accident took place had been repaired by the city two years after the accident. Plaintiff husband had previously testified to this fact but such testimony was curtailed by a motion for a mistrial. Trial Term sustained an objection to the offer of proof on the basis that the testimony was vague as to the location of the repair work and the identity of the persons or agency performing it. In our opinion, the basis for these objections went to the quality of the evidence and not to the competency of the witness. The question of the weight to be accorded this testimony was a question for the jury. Additionally, the vagueness in the testimony should not have been determined without allowing complete examination of the witness. This testimony, when coupled with section 194 of the New Rochelle Charter, may very well have provided sufficient evidence of control, even absent the aforementioned presumption. Hopkins, Acting P. J., Latham, Gulotta and Christ, JJ., concur.