In the Matter of the Arbitration between LOCAL DIVISION 1179, AMALGAMATED TRANSIT UNION, AFL-CIO, Respondent, and GREEN BUS

LINES, INC., Appellant.—In a proceeding pursuant to CPLR 7511 to vacate an arbitrator's award, Green Bus Lines, Inc., appeals from a judgment of the Supreme Court, Queens County, dated November 27, 1978, which, *inter alia,* granted the application and vacated the award of the "Impartial Chairman". Judgment affirmed, with $50 costs and disbursements. Inasmuch as the agreement to arbitrate specifically stated that the arbitrator "shall not have the power or authority to amend, modify or change [the collective bargaining] agreement or any of its terms", Special Term was correct in its determination that the arbitrator exceeded his authority in making his award. The agreement specifically provided for cost of living allowances, and that any such cost of living allowances "shall not become part of the basic wage rates set forth in the contract". Therefore, any raise in the basic wage rate requires an over-all raise in remuneration, without any effect on the cost of living allowances. In his award, the arbitrator did raise the basic wage rate but held that the total or "top rate" should remain constant. Thus, in effect, the cost of living allowance was diminished impermissibly. There was no authority for such action and, therefore, pursuant to CPLR 7511 (subd [b], par 1, cl [iii]), the award must be vacated. (See *Lentine v Fundaro,* 29 NY2d 382; *Matter of Girvan, Inc. [International Brotherhood of Teamsters, Local 294],* 55 AD2d 746.) Cohalan, J. P., Margett, Martuscello and Gibbons, JJ., concur.