■ In the Matter of the Arbitration between CANAJOHARIE CENTRAL SCHOOL DISTRICT, Respondent, and CANAJOHARIE UNITED SCHOOL EMPLOYEES, Appellant, et al., Respondent. — Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Graves, J.), entered February 9, 1984 in Montgomery County, which granted a motion by respondent Canajoharie United School Employees for renewal, and upon renewal, adhered to its prior decision granting petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

The subject arbitration was conducted pursuant to the grievance procedure contained in a collective bargaining agreement between the parties. Petitioner moved, pursuant to CPLR 7511, to vacate the arbitration award on the ground that the arbitrator was not impartial because he failed to disclose that he was employed by New York State United Teachers (NYSUT) as an arbitrator of contract disputes between NYSUT and its own employees' representative, Professional Staff Association (PSA). Special Term granted the application to vacate and denied the cross application by respondent Canajoharie United School Employees (United) to confirm the award. United then moved to renew on the basis of newly discovered evidence, i.e., a biographical data card containing information regarding the arbitrator which petitioner was sent before the arbitrator was chosen. Special Term granted the motion to renew and, upon renewal, adhered to its original decision. This appeal by United ensued.

The failure of an arbitrator to disclose facts which reasonably may support an inference of bias is a ground to vacate an arbitration award pursuant to CPLR 7511 (*Matter of Stevens & Co. [Rytex Corp.],* 34 NY2d 123, 125). Since NYSUT is the parent organization of United, the potential for the inference of bias, by reason of the arbitrator's relationship with NYSUT, is apparent. The Appellate Division, Fourth Department, has held, in a case involving the very same arbitrator, that the relationship was significant enough to support an inference of bias and require disclosure (*Matter of City School Dist. [Oswego Classroom Teachers Assn.],* 100 AD2d 13, *clarified* 101 AD2d 1027). Additionally, this court has held, in the context of a teacher tenure hearing pursuant to Education Law § 3020-a, that it was not irrational for the Commissioner of Education to conclude that the relationship between this particular arbitrator and

NYSUT was sufficiently significant to require prehearing disclosure (*Matter of Conley v Ambach,* 93 AD2d 902, *mod on other grounds* 61 NY2d 685). In our view, Special Term properly held that the relationship between the arbitrator and NYSUT should have been disclosed.

The remaining issue is whether, based on the facts and circumstances of this case, sufficient disclosure was made. United takes the position that the biographical data card on the arbitrator which was submitted to the parties before the arbitrator was selected contained sufficient information to alert petitioner of the relationship between the arbitrator and NYSUT. We agree.

In *Matter of Stevens & Co. (Rytex Corp.) (supra,* p 129), the Court of Appeals stated: "This does not mean that a party to an arbitration may sit idly back and rely exclusively upon the arbitrator's disclosure. If a party goes forward with arbitration, having actual knowledge of the arbitrator's bias, or of facts that reasonably should have prompted further, limited inquiry, it may not later claim bias based upon the failure to disclose such facts." The arbitrator's biographical data card contains a paragraph on qualifications which includes the sentence, "Permanent contract & disciplinary arbitrator: NY State and CSEA, AFSCME, PEF, UUP and NYSUT — PSA." Thus, anyone reading the card would be on notice that the arbitrator acted as a contract and disciplinary arbitrator between NYSUT and PSA. Petitioner's contention that the biographical data card is confusing because it is unclear whether the relationship was then ongoing or in the arbitrator's past is without merit. The sentence states that he is a "[*p*]*ermanent* contract & disciplinary arbitrator" (emphasis supplied). Additionally, the arbitrator's past associations are listed on the card after the boldfaced heading "FORMERLY". We recognize that the major burden of disclosure falls on the arbitrator since he is in the best position to reveal those facts which might give rise to an inference of bias (*see, Matter of Stevens & Co. [Rytex Corp.], supra,* p 129). Thus, better practice would have been for the arbitrator to affirmatively reveal his relationship with NYSUT. However, since the biographical data card contained. facts sufficient to put petitioner on inquiry notice of that relationship, it may not now claim bias based on the failure to disclose such relationship.

Order modified, on the law, without costs, by reversing so much thereof as adhered to Special Term's prior decision upon granting renewal; petitioner's application to vacate denied and respondent Canajoharie United School Employees' cross application to confirm granted; and, as so modified, affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.