■ In the Matter of Sussco Exterior Systems, Inc., Appellant-Respondent, v Hercules Construction Corp., Respondent-Appellant.—In a proceeding pursuant to CPLR 7510 to confirm an arbitration award, (1) the petitioner appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated April 29, 1985, which denied its application to confirm the award, without prejudice to a new application, and remitted the award to the arbitrator for the purpose of incorporating the findings of fact upon which the award was based, and (2) the respondent cross-appeals from so much of the same order as remitted the award to the arbitrator for the purpose of incorporating the findings of fact upon which the award was based.

Order reversed, on the law, without costs or disbursements, application granted, and award confirmed.

In a prior appeal in this action, this court affirmed Special Term's denial of the respondent's application to stay arbitration on the ground that that application was untimely *(see, Matter of Hercules Constr. Corp. [Sussco Exterior Sys.]*, 110 AD2d 701). By failing to make a timely application to stay arbitration, the respondent waived the right to judicial review of the issue of arbitrability *(see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 309, *rearg or reconsideration denied sub nom. Norris v Cooper*, 62 NY2d 803; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582).

We find no merit to the respondent's contentions that the award should be vacated on the grounds that the arbitrator exceeded his powers *(see,* CPLR 7511 [b] [1] [iii]), or that he was partial *(see,* CPLR 7511 [b] [1] [ii]). The respondent contends that the arbitrator exceeded his powers because he failed, in effect, to find that the agreements which the petitioner sought to enforce had been canceled by the respondent. However, the award in the petitioner's favor "may not be set aside for mere errors of judgment, either as to the law or the facts" *(Matter of Decicco [Viviano]*, 32 AD2d 541). In light of the disputed issue as to whether the petitioner was entitled to recover on its breach of contract claim, it cannot be said that the award was " 'completely irrational' " *(Rochester City School Dist. v Rochester Teachers Assn., supra,* p 582, quoting *Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383). Moreover, other than the respondent's claim that the amount of the award was excessive, there is no evidence that the arbitrator was partial *(cf. Matter of Provenzano [MVAIC]*, 28 AD2d 528).

Finally, we note that an arbitrator is not generally obligated to state the reasons for his award *(see, Lentine v Fundaro*, 36 AD2d 539, *affd* 29 NY2d 382). Absent a showing that the award is so ambiguous as to make it impossible to determine its "meaning and intent" *(see, Board of Educ. v Farmingdale Fedn. of Teachers*, 92 AD2d 599, 601), it is error to remit for the sole purpose of having the arbitrator set forth the reasons for his award *(see, Matter of Cashman [New Hampshire Merchants Ins. Co.]*, 42 AD2d 723; *Matter of Bay Ridge Med. Group v Health Ins. Plan*, 22 AD2d 807). Since the award in the instant case was clear and unambiguous, there was no need to remit the award to the arbitrator for clarification.

Accordingly, the petitioner's application to confirm the award should have been granted. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.