**14** CHARLES DICKER et al., Respondents, v JODI-LYNN WASHOMATIC, INC., Appellant.—In a proceeding pursuant to CPLR 7510 to confirm an arbitration award, the defendant appeals from a judgment of the Supreme Court, Rockland County (Kelly, J.), entered October 28, 1987, which granted the application.

Ordered that the judgment is affirmed, with costs.

The plaintiffs entered into a contract with the defendant for the sale of a parcel of real property and the construction of a home thereon. This contract of sale contained a broad arbitration clause. When the initial closing failed to take place, the plaintiffs initiated two separate actions, one of which was discontinued based upon the arbitration clause. The dispute went to arbitration and a stipulation was entered into by the parties providing that the defendant would withdraw its claim that the plaintiffs had breached the contract, a closing date was set, and the defendant was directed to convey title to the plaintiffs. The relevant portion of this stipulation stated: "All claims regarding the physical construction of the house shall be set forth in detail and delivered at the closing and shall be arbitrated by the arbitrator".

At the rescheduled closing the plaintiffs brought a list of 26 items which they claimed the defendant was still responsible for. On June 18, 1986, after the closing, the plaintiffs filed a second demand for arbitration seeking specific performance of the sales contract and money damages in the amount of $50,000. The matter came before another arbitrator who, on July 6, 1987, awarded the plaintiffs the sum of $42,250 in full settlement of all claims.

It is well established that when a dispute has been resolved through arbitration the award may not be vacated unless it is violative of a strong public policy, is totally irrational or exceeds a specifically enumerated limitation on the arbitrator's power (see, Matter of Town of Callicoon [Civil Serv. Employees Assn.], 70 NY2d 907; Morgan Guar. Trust Co. v Solow, 68 NY2d 779; Matter of Local Div. 1179 [Green Bus Lines], 50 NY2d 1007; Matter of Murray v Long Is. Univ., 111 AD2d 175). Arbitrators have great discretion in fashioning remedies for aggrieved parties and are not bound by substantive rules of law in fixing awards. The arbitrator is empowered to do justice as he sees it, applying his own sense of law and equity to the facts as he finds them and he can make his award reflecting the letter and spirit of the agreement (see, Matter of Silverman [Benmor Coats], 61 NY2d 299; Matter of SCM Corp. [Fisher Park Lane Co.], 40 NY2d 788; Matter of Sussco Exterior Sys. v Hercules Constr., Corp., 120 AD2d 532, lv denied 68 NY2d 610). In the instant case the award was neither irrational nor violative of public policy.

Any limitation upon the remedial power of the arbitrator must be contained, either explicitly or incorporated by refer-

ence, in the arbitration clause itself *(see, Matter of Silverman [Benmore Coats], supra; Matter of Board of Educ. v Dover-Wingdale Teachers' Assn., 95 AD2d 497, affd 61 NY2d 913).* In the instant case, the arbitration clause contains no limitation on the arbitrator's powers either explicitly or by reference. There is no limitation on the arbitrator's power to award money damages as the defendant urges and, under the agreement, the arbitrator could have either ordered that the construction be completed or awarded money damages. As the defendant itself acknowledges, there was testimony at the hearing as to the value of the items claimed to be deficient and the defendant admits that the arbitrator herein was chosen based upon his expertise in the field. The defendant's position that the arbitrator's powers were limited to a determination of which of the 26 items the plaintiffs complained of were required under the contract is wholly without merit as is its contention that the imposition of money damages was not within the intention of the parties since the demand for arbitration specifically sought an award or $50,000 in addition to specific performance. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.