■ In the Matter of ZELLER & GOLDSCHMIDT et al., Respondents, v COOPER, SELVIN & STRASSBERG, Appellant.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeal is from a judgment of the Supreme Court, Nassau County (Morrison, J.), dated January 6, 1989, which, upon granting the petition and confirming the award, is in favor of the petitioners in the principal amount of $54,618.30.

Ordered that the judgment is affirmed, with costs.

On February 1, 1986, the parties entered into a partnership agreement. Paragraph (16) (d) of the agreement provides that: "All claims, disputes and other matters in questions between the Partners arising out of, or relating to the Partnership Agreement or the breach thereof, shall be determined by arbitration in accordance with the rules of the American Arbitration Association. However, the losing party shall pay all expenses of the Arbitration including reasonable attorney's fees or the expenses shall be prorated if the decision requires it".

Thereafter, a dispute arose between the parties and they submitted the claim to arbitration. After a hearing, the arbitrator awarded the petitioner $18,319 and directed the appellant to reimburse the petitioner for attorney's fees incurred during the arbitration in the sum of $32,286.46. The appellant contends that the award exceeded the scope of the arbitrator's powers.

The appellant's contention that the arbitrator improperly added attorney's fees incurred prior to the arbitration, to the $18,319 figure is without merit. Where an award does not indicate how the amount awarded has been computed or that the arbitrator has included an element of damages specifically excluded by the contract, it cannot be concluded that the arbitrator exceeded his powers under the contract (see, Matter of Deering Milliken & Co. [Boepple Sportswear Mills], 4 AD2d 652, affd 4 NY2d 956). The appellant concedes that the

arbitrator did not specify the formula used in calculating the award. Thus, its assertion is based on pure speculation.

The appellant's further contention that the arbitrator exceeded his power in awarding the petitioner attorney's fees incurred during the arbitration is equally without merit. The appellant asserts that it was not the "losing party" within the meaning of the agreement since the award, exclusive of attorney's fees, was "minor" in comparison to what the petitioners sought in their counterclaim. It has been held that an arbitrator's "award will not be vacated even though the court concludes that his interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law, unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on his power" *(Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308). In this case, the arbitrator's determination that the appellant was the "losing party" was neither completely irrational nor violative of a strong public policy. Harwood, J. P., Balletta, Miller and O'Brien, JJ., concur.