■ TWISS ASSOCIATES, INC., Respondent, v IMPTEX INTERNA-

TIONAL CORP., Appellant.—Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered April 21, 1992, confirming an arbitration award in favor of petitioner and against respondent, unanimously affirmed, without costs.

Although the court erred in originally granting the cross motion to vacate the arbitration award on March 27, 1991, its ultimate confirmation of the award in the order on appeal should be affirmed, albeit not on the ground set forth by the motion court. It is well settled that "an arbitrator's interpretation of the parties' contract is impervious to judicial challenge even where 'the apparent, or even the plain, meaning of the words' of the contract has been disregarded." *(Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341, 346, quoting *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582.)

While a party may seek to set aside the award upon the ground that the arbitrators failed to abide by a "specifically enumerated limitation on his power" *(Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308), having submitted a dispute to arbitration, a party may not seek to set aside an award on the ground that the arbitrator lacked the power to resolve the question submitted *(Rochester City School Dist. v Rochester Teachers Assn., supra,* at 583).

In this case, which involves a dispute arising from a contract for the sale of goods, respondent seeks to set aside the award based on a provision in the arbitration clause that the arbitrators may not alter or modify the contract or make an award which has the effect of altering or modifying the contract. Respondent contends that any resolution of the dispute which does not award it the contract price based on petitioner's failure to notify it within 30 days of receipt of the goods that they were defective, as required by one provision of the contract, exceeds the arbitrators' power by altering the contract. However, a provision that the arbitrators may not alter or modify the contract does not limit the power of arbitrators to resolve the dispute submitted to them by interpreting the contract based on their findings as to the intent of the parties *(Matter of Local Div. 1179 [Green Bus Lines],* 50 NY2d 1007, *revg* 72 AD2d 774), including a finding that the parties themselves waived certain provisions. Here, as the award is neither totally irrational nor violative of a strong public policy *(Maross Constr. v Central N. Y. Regional Transp. Auth., supra),* its confirmation must stand. Concur—Carro, J. P., Ellerin, Asch and Rubin, JJ.