■ IMPTEX INTERNATIONAL CORP., Appellant, v WORLDWIDE FABRICS, INC., Respondent. [598 NYS2d 519] —Order and judgment (one paper), Supreme Court, New York County (William P. McCooe, J.), entered June 11, 1992, which, *inter alia,* denied the petition to vacate an arbitration award, dated May 6, 1991, and granted respondent's cross-petition to confirm the arbitration award, unanimously affirmed, with costs.

Petitioner's contention that the arbitrators exceeded their authority is without merit. Contrary to petitioner's contention, "[w]here an award does not indicate how the amount awarded has been computed or that the arbitrator has included an element of damages specifically excluded by the contract, it cannot be concluded that the arbitrator exceeded his powers under the contract" *(Matter of Zeller & Goldschmidt v Cooper, Selvin & Strassberg,* 167 AD2d 548). In this regard, the mere possibility that an arbitration award violates an express limitation on an arbitrator's power does not provide a basis for the vacatur of the award *(see, Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308-309). Here, the award does not establish how the amount was calculated and it cannot be discerned therefrom or from the record that the arbitrators disregarded the provisions of the contract. Further, any attempts to determine the basis for the award would be speculative *(Matter of Zeller & Goldschmidt v Cooper, Selvin &*

*Strassberg, supra).* In any event, "a provision that the arbitrators may not alter or modify the contract does not limit the power of arbitrators to resolve the dispute submitted to them by interpreting the contract based on their findings as to the intent of the parties" *(Twiss Assocs. v Imptex Intl. Corp.,* 189 AD2d 672, 673). Concur—Rosenberger, J. P., Wallach, Ross, Kassal and Nardelli, JJ.