■ JAMES LOSI et al., Respondents, v CRUM & FORSTER PERSONAL INSURANCE Co. et al., Appellants, et al., Defendant. [635 NYS2d 72] —In an action to recover benefits pursuant to a supplementary uninsured motorist insurance policy, the defendants Crum & Forster Personal Insurance Co. and Westchester Fire Insurance Co. appeal from an order of the Supreme Court, Putnam County (Hickman, J.), dated January 3, 1994, which denied their motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion to the extent of granting them summary judgment on the issue of liability against the moving appellants.

Ordered that the order is modified, on the law, by deleting therefrom the words "Accordingly, plaintiffs' cross motion is granted to the extent of awarding summary judgment on the

issue of liability against Crum & Forster and Westchester. The motion by defendants is denied", and substituting therefor the words: "Accordingly, the plaintiffs' cross motion is granted only to the extent of awarding them summary judgment on the issue of liability against the defendant Westchester Fire Insurance Co., and is otherwise denied. The defendants' motion is granted only to the extent of dismissing the action as against the defendant Crum & Forster Personal Insurance Co., and is otherwise denied"; as so modified, the order is affirmed, without costs or disbursements.

We agree with the Supreme Court that at the time this action was commenced there was no prohibition against the "stacking" of Supplementary Uninsured Motorist coverage provided by two separate insurance policies (see, Di Stasi v Nationwide Mut. Ins. Co., 132 AD2d 305). Therefore, the Supreme Court properly granted summary judgment on the issue of liability against the defendant Westchester Fire Insurance Co.

However, it was error to have denied the appellants' motion in its entirety. It is undisputed that the policy states "COVERAGE IS PROVIDED BY: WESTCHESTER FIRE INSURANCE CO." Additionally, Westchester Fire Insurance Co. has essentially conceded that it insured the plaintiffs. This is sufficient to establish the entitlement of the defendant Crum & Forster Personal Insurance Co. (hereinafter Crum & Forster) to dismissal of the action as against it, absent a showing by the plaintiffs of a factual question requiring a trial for its resolution (see, Alvarez v Prospect Hosp., 68 NY2d 320). Since the plaintiffs failed to raise such a factual question, it was error to have denied so much of the appellants' motion as sought dismissal of the action as against Crum & Forster. We reject the plaintiffs' contention that the mere fact that the policy itself bears Crum & Forster's logo sufficiently raises a factual question requiring a trial. Mangano, P. J., Thompson, Ritter and Florio, JJ., concur.