■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v LOUIS NICOLOSI, Appellant, et al., Respondent. [643 NYS2d 164] —In a proceeding pursuant to CPLR article 75 to vacate so much of an arbitrators' award as directed the petitioner to pay $15,000 to Louis Nicolosi, the appeal is from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated May 4, 1995, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, and the arbitration award directing the petitioner to pay $15,000 to Louis Nicolosi is reinstated.

The appellant was awarded a total of $115,000 in underinsured motorist (hereinafter SUM) benefits arising out of the single underlying accident; $100,000 from State Farm Insurance Company pursuant to the appellant's policy with it, and $15,000 from the petitioner Allstate Insurance Company (hereinafter Allstate) pursuant to a policy issued to the appellant's father, with whom he resided.

Generally, an arbitration award may not be vacated unless it is found to be violative of a strong public policy, is totally irrational, or clearly exceeds a specifically enumerated limitation on the arbitrators' power (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907; *Matter of Silverman [Benmor Coats],* 61 NY2d 299). In this case, the Supreme Court incorrectly determined that the arbitrators exceeded their authority in awarding the appellant $15,000 in SUM benefits from Allstate. Although this Court has held that an arbitrator, "in awarding an amount in excess of the amount available under the [insurance] policy, exceeded his power so as to render his award subject to vacatur" (*Matter of Allstate Ins. Co. v Silver,* 225 AD2d 690), in this case, the arbitrators' award did not exceed the limits of the policy issued by Allstate. Rather, the arbitrators' determination that the appellant was entitled to SUM benefits under the Allstate policy resulted from their interpretation of that policy. It is well settled that "[a]n arbitrator's interpretation may even disregard 'the apparent, or even the plain, meaning of the words' of the contract before

him and still be impervious to challenge in the courts" (*Matter of Albany County Sheriff's Local 775 [County of Albany]*, 63 NY2d 654, 656, quoting *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582).

Finally, Allstate's contention that the appellant can recover no more than $100,000 in SUM benefits is without merit (*see, Losi v Crum & Forster Personal Ins. Co.*, 222 AD2d 489). To the extent that *Rifkin v State Farm Auto Ins. Co.* (157 Misc 2d 141) is in disagreement with this, we decline to adopt that holding. Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.