■ In the Matter of NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, v ARNOLD STEINER, Respondent. [643 NYS2d 373] —In an arbitration proceeding pursuant to CPLR article 75, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Brucia, J.), dated June 29, 1995, which granted the respondent's motion to confirm the arbitration award, and (2) a judgment of the same court, entered July 26, 1995, which confirmed the arbitration award and is in favor of the respondent and against the petitioner in the principal sum of $10,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The petitioner contends that the arbitration award should be vacated because the arbitrator failed to state his reasons for making the award and therefore "so imperfectly executed [his power] that a final and definite award upon the subject matter submitted was not made" (CPLR 7511 [b] [1] [iii]). We disagree. For purposes of CPLR 7511 (b) (1) (iii), an arbitration award is deficient and subject to vacatur if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted, or if it creates a new controversy (*see, Matter of Meisels v Uhr,* 79 NY2d 526, 536). The petitioner failed to establish any of these grounds for vacatur. The award resolved the controversy and the arbitrator rejected the defense asserted by the petitioner at the arbitration hearing. In addition, an arbitrator is not required to give any reasons for his decision. Thus, an award cannot be attacked on the ground that the arbitrator refused to consider or failed to appreciate particular arguments or evidence (*see, Matter of Guetta [Raxon Fabrics Corp.],* 123 AD2d 40, 45). Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.