■ In the Matter of ROBBYN ROTHMAN et al., Respondents, v RE/MAX OF NEW YORK, INC., Appellant. [711 NYS2d 477] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeal, as limited by the appellant's brief, is from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated November 29, 1999, as denied the motion to confirm the arbitration award and directed a new arbitration.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion is granted, and the arbitration award is confirmed.

Contrary to the Supreme Court's determination, the petitioners were sufficiently aware of prior contacts between the arbitrator and Mr. Bailey, the appellant's outside general counsel, to place them on notice of the arbitrator's prior relationship with Bailey. By proceeding with the arbitration without challenging and/or inquiring further of the arbitrator, notwithstanding Bailey's presence at and participation in the arbitration, the petitioners effectively waived any objections they had in connection with the relationship between Bailey and the arbitrator (*see, Matter of Siegel [Lewis],* 40 NY2d 687; *Matter of Stevens & Co. [Rytex Corp.],* 34 NY2d 123; *Matter of Arner v Liberty Mut. Ins. Co.,* 233 AD2d 321; *Matter of Canajoharie Cent. School Dist. [Canajoharie United School Empls.],* 108 AD2d 1087).

Accordingly, the petitioners failed to meet the heavy burden necessary to overturn an arbitration award, and the appellant's motion to confirm the award should have been granted (*see generally, North Syracuse Cent. School Dist. v North Syracuse Educ. Assn.,* 45 NY2d 195; *Artists & Craftsmen Bldrs. v Schapiro,* 232 AD2d 265; *Matter of Mohiuddin v Khan,* 197 AD2d 578).

The petitioners' remaining contention is without merit. Joy, J. P., Florio, H. Miller and Smith, JJ., concur. [*See,* 183 Misc 2d 402.]