■ In the Matter of DAVID CABBAD, Respondent, v TIG INSURANCE COMPANY, Appellant. (Matter No. 1.) DAVID CABBAD, Respondent, v TIG INSURANCE COMPANY, Appellant. (Matter No. 2.) [751 NYS2d 871] —In a proceeding pursuant to CPLR 7511 to vacate an arbitration award and a related action for a trial de novo on a claim for supplemental underinsured motorist coverage, TIG Insurance Company appeals from (1) an order and judgment (one paper) of the Supreme Court, Kings County (Johnson, J.), dated November 2, 2001, which granted the petition in Matter No. 1 and denied its motion to confirm the arbitration award, and (2) stated portions of an order of the same court, dated February 14, 2002, which, inter alia, in effect, directed the parties to proceed with the trial de novo.

Ordered that the order and judgment dated November 2, 2001, is affirmed; and it is further,

Ordered that the order dated February 14, 2002, is modified by deleting the second decretal paragraph thereof, which, inter alia, in effect, directed the parties to proceed with the trial de novo; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Contrary to the contention of TIG Insurance Company (hereinafter TIG), the Supreme Court properly granted David Cabbad's motion pursuant to CPLR 7511 (b) (1) (i) to vacate an arbitrator's award on the ground of misconduct. The evidence was clear and convincing that several instances of misconduct had taken place, including ex parte communications between the case administrator, the arbitrator, and counsel for TIG without the knowledge of Cabbad's counsel, and the submission of evidence by TIG's counsel after the hearing had concluded. Accordingly, this misconduct required vacatur of the arbitrator's award so as to safeguard the integrity of the arbitration process (*see Matter of Goldfinger v Lisker,* 68 NY2d 225; *Matter of Motors Ins. Corp. [Lewis],* 221 AD2d 634).

However, the language of the subject insurance policy provides for a trial de novo only if the arbitration award exceeds $25,000. A new arbitration determination will be forthcoming as the result of these appeals. Thus, granting a trial de novo at this time is premature, and the order should be modified by deleting the provision which, in effect, directed the parties to proceed with the trial de novo, with leave to renew, if appropriate.

The appellant's remaining contentions need not be addressed at this juncture. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.