■ In the Matter of Aric Hausknecht, Respondent, v Comprehensive Medical Care of New York, P.C., Appellant. [809 NYS2d 85]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Comprehensive Medical Care of New York, P.C., appeals from a judgment of the Supreme Court, Nassau County (DeMaro, J.), dated September 16, 2003, which, upon an order of the same court dated July 28, 2003, granting the petition and denying its cross petition to vacate the award, is in favor of the petitioner and against it in the sum of $52,199.22.

Ordered that the judgment is affirmed, with costs.

Initially, we note that Comprehensive Medical Care of New York, P.C. (hereinafter CMCNY), previously appealed from an order of the Supreme Court, Nassau County dated July 28, 2003, granting Aric Hausknecht's petition to confirm the award and denying its cross petition to vacate the award. That appeal was dismissed by this Court for failure to prosecute (*see* 22 NYCRR 670.8 [e]). Although CMCNY ordinarily would be precluded from relitigating the issues which could have been raised on the prior appeal (*see Rubeo v National Grange Mut. Ins. Co.,* 93

NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]), under the circumstances of this case, we exercise our discretion to entertain this appeal (*see Faricelli v TSS Seedman's*, 94 NY2d 772 [1999]).

An arbitration award may be set aside on the ground that the arbitrator "exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511 [b] [1] [iii]). An award will not be vacated "unless it is violative of a strong public policy, is totally irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Town of Callicoon* [*Civil Serv. Empls. Assn., Town of Callicoon Unit*], 70 NY2d 907, 909 [1987]; *see Matter of Matra Bldg. Corp. v Kucker*, 2 AD3d 732 [2003]; *Matter of Rockland County Bd. of Coop. Educ. Servs.* v *BOCES Staff Assn.*, 308 AD2d 452 [2003]; *Matter of Allstate Ins. Co. v Nicolosi*, 227 AD2d 552 [1996]).

CMCNY contends that the arbitrator exceeded his power by including liquidated damages in the award. However, the arbitrator did not reveal the basis for the award, nor was he required to do so (*see Matter of Nationwide Mut. Ins. Co. v Steiner*, 227 AD2d 563 [1996]). Thus, CMCNY's contention that a liquidated damages calculation must have been performed in arriving at the amount of the award is mere speculation and cannot provide a basis for vacating the award (*see Matter of Zeller & Goldschmidt v Cooper, Selvin & Strassberg*, 167 AD2d 548 [1990]; *Imptex Intl. Corp. v Worldwide Fabrics*, 194 AD2d 388 [1993]). In any event, the arbitration clause in the redemption agreement entered into by the parties does not specifically preclude an award of damages that includes liquidated damages (*see Dicker v Jodi-Lynn Washomatic*, 149 AD2d 649 [1989]). Accordingly, the Supreme Court properly determined that the arbitrator did not exceed his power.

Nor is there is a basis for vacating the award on the ground that it was not final and definite pursuant to CPLR 7511 (b) (1) (iii), since the award provides for a fixed sum to be paid in resolution of both of the parties' claims (*see Matter of Civil Serv. Empls. Assn. v County of Nassau*, 305 AD2d 498 [2003]; *Matter of Mohiuddin v Khan*, 197 AD2d 578 [1993]; *Matter of Nationwide Mut. Ins. Co. v Steiner, supra*).

CMCNY's contention that alleged misconduct on the part of the arbitrator merits vacatur of the award is similarly unavailing. CPLR 7511 (b) (1) (i) provides that an award may be vacated "on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were

prejudiced by . . . corruption, fraud or misconduct in procuring the award." Although private communications between an arbitrator and a party-litigant may constitute misconduct for purposes of CPLR 7511 (b) (1) (i) (*see Matter of Goldfinger v Lisker*, 68 NY2d 225 [1986]), the communication at issue allegedly concerned a matter of personal concern that was wholly unrelated to the subject matter of the arbitration. Moreover, nothing in the record indicates that the award was in any way the result of improper influence or bias. Consequently, CMCNY failed to meet its burden of demonstrating by clear and convincing evidence that any impropriety on the part of the arbitrator prejudiced its rights or the integrity of the arbitration process (*see Matter of James A. Smith Contr. v Stahl*, 162 AD2d 688 [1990]).

The parties' remaining contentions are without merit. Cozier, J.P., S. Miller, Rivera and Fisher, JJ., concur.