■ In the Matter of the Arbitration between TED SOBEL, Appellant, and CHARLES SCHWAB & COMPANY, INC., Respondent, et al., Respondents. [828 NYS2d 720]—

Lahtinen, J. Appeal from an order of the Supreme Court (Tait, J.), entered May 11, 2005 in Delaware County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Respondent Charles Schwab & Company, Inc. (hereinafter respondent) was petitioner's securities broker during the late 1990s when petitioner sustained significant financial losses. Petitioner filed a complaint in the Office of Dispute Resolution of the National Association of Securities Dealers alleging that his losses were caused by misleading conduct and gross negligence of respondent. An extensive arbitration proceeding ensued, culminating in a panel of three arbitrators unanimously dismissing the petition and assessing forum fees against petitioner. Petitioner then commenced this proceeding seeking to vacate the arbitration award. Supreme Court analyzed petitioner's contentions and concluded that none overcame the considerable deference afforded by courts to decisions made in

arbitration. The petition was dismissed by Supreme Court and petitioner appeals.

It is well settled law that "judicial interference with an arbitration award . . . should be avoided unless that award [is] violative of a strong public policy, totally irrational or in excess of a specifically enumerated limitation upon arbitral authority" (*Matter of Board of Educ. of Dover Union Free School Dist. v Dover-Wingdale Teachers' Assn.*, 61 NY2d 913, 915 [1984]; *see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 155 [1995]; *Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [State of New York]*, 15 AD3d 748, 750 [2005]; *see also* CPLR 7511 [b]). Procedural matters regarding pleadings, disclosure and the manner in which the hearing is conducted are generally left to the discretion of the arbitrator (*see Matter of Thompson [S.L.T. Ready-Mix, Div. of Torrington Indus.]*, 245 AD2d 911, 913 [1997]; *see also Siu Chuen Chan v Continental Broker-Dealer Corp.*, 1 AD3d 297, 297 [2003]). Falling within the parameters of this discretion in the current matter are the errors that petitioner alleges occurred in not permitting him to amend his complaint, the manner in which a disclosure dispute was handled and the refusal to permit certain rebuttal evidence.

Petitioner further asserts that an ex parte communication by respondent's counsel occurred, resulting in one of the arbitrators being replaced by another who allegedly had a conflict of interest. While the assertion regarding ex parte communication is serious (*see generally Matter of Goldfinger v Lisker*, 68 NY2d 225 [1986]), it is unsupported by anything in the record other than speculation by petitioner.

The alleged conflict of interest does not rise to the level requiring vacatur. There were two public arbitrators and one industry arbitrator on the panel, and the arbitrator who was replaced ostensibly did not meet the requirements to serve as the industry arbitrator. The replacement arbitrator was a former employee of a large brokerage firm that had been represented by respondent's counsel. This was disclosed and there was no evidence that the arbitrator, while at his former job, had any professional dealings with respondent's counsel (*see Matter of Weinrott [Carp]*, 32 NY2d 190, 201 [1973]; *Matter of Cross Props. [Gimbel Bros.]*, 15 AD2d 913, 913-914 [1962], *affd* 12 NY2d 806 [1962]; *compare Matter of Canajoharie Cent. School Dist. [Canajoharie United School Empls.]*, 108 AD2d 1087, 1087-1088 [1985]).

The arbitrators' approach of not setting forth in detail the reasons underlying their decision does not, as argued by petitioner, require reversal (*see Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C.*, 24 AD3d 778, 779 [2005]; *Matter of Nationwide Mut. Ins. Co. v Steiner*, 227 AD2d 563, 564 [1996]). Petitioner's remaining arguments have been considered and found unpersuasive.

Cardona P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.