Matter of Mexvalo, S. De R.L. De C.V. v Desarrolladora Farallon S. De R.L. De C.V. (2018 NY Slip Op 00031)





Matter of Mexvalo, S. De R.L. De C.V. v Desarrolladora Farallon S. De R.L. De C.V.


2018 NY Slip Op 00031


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Richter, J.P., Tom, Kapnick, Kern, Moulton, JJ.


5347 654716/16

[*1]In re Mexvalo, S. De R.L. De C.V., Petitioner-Respondent,
v
Desarrolladora Farallon S. De R.L. De C.., Respondent-Appellant.


Balestriere Fariello, New York (John G. Balestriere of counsel), for appellant.
Katten Muchin Rosenman LLP, New York (Michael I. Verde of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered February 23, 2017, inter alia, confirming an arbitration award, unanimously affirmed, with costs.
The record does not support respondent's contention that the arbitration award should be vacated on the ground of improper influence (see CPLR 7511(b); Matter of Sobel [Charles Schwab & Co., Inc.], 37 AD3d 877 [3d Dept 2007]). The documentary evidence shows that the neutral's potential retention by an affiliate of petitioner on an unrelated matter, which was fully disclosed, occurred after the arbitral tribunal reached a decision on the merits. The sufficiency of the evidence is for the arbitrators to determine (Matter of Peckerman v D & D Assoc., 165 AD2d 289, 296 [1st Dept 1991]). The tribunal rationally found, after lengthy cross-examination of the chief legal officer of petitioner's affiliate, that the legal costs that petitioner claimed as damages were credible, that petitioner was willing to provide redacted invoices for in camera inspection, and that, under the terms of the governing documents, petitioner was unconditionally responsible for indemnifying its affiliate for those costs and for recouping the funds from respondent.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK