Matter of City of New York v District Council 37 (2018 NY Slip Op 03220)





Matter of City of New York v District Council 37


2018 NY Slip Op 03220


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Kapnick, Kern, JJ.


6468N 450615/16

[*1] In re City of New York, et al., Petitioners-Respondents,
v
District Council 37, et al., Respondents-Appellants.


Robin Roach, New York (Michael Isaac of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Ingrid R. Gustafson of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered January 17, 2017, which granted the petition to vacate an arbitration award, denied the grievance, and dismissed the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs.
An arbitrator exceeds his or her powers when the "award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90 [2010] [internal quotation marks omitted]). A provision in a contract that the arbitrator may not alter or modify a contract does not limit the arbitrator's power to resolve the dispute by interpreting the contract based on his or her findings as to the parties' intent (see Twiss Assoc. v Imptex Intl. Corp, 189 AD2d 672, 673 [1st Dept 1993], lv denied 81 NY2d 710 [1993]). However, an award should be vacated where it is not derived from the contract, but from the deliberate and intentional consideration of matters outside the contract (see Matter of City of New York v Davis, 146 AD2d 480, 483 [1st Dept 1989]).
Here, the record shows that the arbitration award added to or modified the collective bargaining agreement, which was expressly prohibited in the agreement (id; see Matter of Port Auth. Police Benevolent Assn. [Port Auth. of N.Y. & N.J.], 235 AD2d 359 [1st Dept 1997]). The arbitrator's decision rewrote the contract for the parties by expanding the number of workers entitled to the assignment differential, when the contract expressly limited the differential to workers at a specific facility.
We have considered respondents' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK