Matter of Paluch v Kohn (2022 NY Slip Op 02416)

Matter of Paluch v Kohn

2022 NY Slip Op 02416

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2019-07498
 (Index No. 514583/18)

[*1]In the Matter of Simcha Paluch, appellant,
v
Meir Mordechai Kohn, et al., respondents.

Storch Law, P.C., Brooklyn, NY (Zvi A. Storch of counsel), for appellant.
J. Michael Gottesman, Kew Gardens, NY, for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated December 19, 2017, the petitioner appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated May 22, 2019. The order denied the petition to confirm the arbitration award, granted the respondents' cross motion to vacate the arbitration award, and directed the parties to return to the arbitrator.
ORDERED that the order is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 75 to confirm an arbitration award rendered by a rabbinical court, which arose out of a dispute over payment for certain carpentry work the petitioner performed for the respondents. The respondents cross-moved to vacate the arbitration award upon the grounds, inter alia, that the arbitration award was not a final determination and that the arbitrator committed prejudicial misconduct. The Supreme Court denied the petition to confirm the arbitration award, granted the respondents' cross motion to vacate the arbitration award, and directed the parties to return to the arbitrator. The petitioner appeals.
"CPLR article 75 codifies a limited role for the judiciary in arbitration" (American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70). CPLR 7510 provides that "[t]he court shall confirm an [arbitration] award upon application of a party made within one year after its delivery to him [or her], unless the award is vacated or modified upon a ground specified in section 7511." "[J]udicial review of arbitration awards is typically limited to 'final determination[s] upon the matters submitted' to the arbitrators" (American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d at 72, quoting Mobil Oil Indonesia v Asamera Oil [Indonesia], 43 NY2d 276, 281). "[A] final arbitration award is generally one that resolves the entire arbitration" (American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d at 72).
Contrary to the respondents' contention, the arbitration award resolved the underlying controversy between the petitioner and the respondents in determining that the respondents owed the fixed sum of $275,000 to the petitioner (see Matter of Meisels v Uhr, 79 NY2d 526, 536; Matter of Bornstein v Steinberg, 175 AD3d 605, 606; Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C., 24 AD3d 778, 779). Therefore, the arbitration award was final and definite for purposes [*2]of CPLR article 75 (see Matter of Bornstein v Steinberg, 175 AD3d at 606; Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C., 24 AD3d at 779; Matter of Snyder-Plax v American Arbitration Assn., 196 AD2d 872, 874). "The possibility of future disputes regarding the execution of the award did not render the award lacking in definiteness or finality" (Matter of Bornstein v Steinberg, 175 AD3d at 606 [internal quotation marks omitted]; see Matter of Meisels v Uhr, 79 NY2d at 536; Matter of Snyder-Plax v American Arbitration Assn., 196 AD2d at 874).
Nevertheless, the Supreme Court properly denied the petition to confirm the arbitration award and granted the respondents' cross motion to vacate the arbitration award. "CPLR 7511 provides in pertinent part that an arbitration award shall be vacated if the court finds that the rights of the complaining party were prejudiced by corruption, fraud, or misconduct in procuring the award" (Matter of Goldfinger v Lisker, 68 NY2d 225, 231). "A party seeking to overturn an arbitration award bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence" (Matter of J-K Apparel Sales Co., Inc. v Esposito, 189 AD3d 1045, 1046).
Here, the respondents established by clear and convincing evidence that the arbitrator committed misconduct and that such misconduct prejudiced their rights or the integrity of the arbitration process (see Matter of Goldfinger v Lisker, 68 NY2d at 232-233; Matter of Cabbad v TIG Ins. Co., 300 AD2d 584, 584). In support of their cross motion, the respondents submitted, inter alia, an affirmation of the arbitrator in which he averred that almost a year after the end of the arbitration proceeding, he received information from the petitioner and "others speaking for" the petitioner concerning the work that was the subject of the arbitration, and "[b]ased on this information," the arbitrator decided to render the award at issue without first providing the respondents an opportunity to respond to the information. The arbitrator's admitted consideration of evidence received from one party, without providing the other party the opportunity to respond, along with evidence in the record of ex parte communications, established by clear and convincing evidence that the arbitrator committed prejudicial misconduct (see Matter of Goldfinger v Lisker, 68 NY2d at 232; Matter of Star Boxing, Inc. v Daimlerchrysler Motors Corp., 40 AD3d 1106, 1108; Matter of Cabbad v TIG Ins. Co., 300 AD2d at 584; Matter of Jelenevsky v Leonakis, 234 AD2d 548, 548; cf. Matter of Government Empls. Ins. Co. v Schussheim, 122 AD3d 849, 850; Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C., 24 AD3d at 780; Matter of Montague Pipeline Tech. Corp. v Grace-Lansing & Grace Indus., 238 AD2d 510, 510; Silber v Silber, 204 AD2d 527, 529).
In light of our determination, we do not reach the respondents' remaining contention.
CONNOLLY, J.P., CHRISTOPHER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court