Matter of Gratt v K. Chaim Trust (2023 NY Slip Op 02783)

Matter of Gratt v K. Chaim Trust

2023 NY Slip Op 02783

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2019-08778
 (Index No. 510315/15)

[*1]In the Matter of Joel Gratt, et al., respondents,
v
K. Chaim Trust, et al., appellants.

Alter & Barbaro, Brooklyn, NY (Troy Lambert and Bernard M. Alter of counsel), for appellants.
Snitow, Kaminetsky, Rosner & Snitow, LLP, New York, NY (Elliot J. Rosner of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeal is from a judgment of the Supreme Court, Kings County (Devin P. Cohen, J.), dated September 29, 2020. The judgment, upon an order of the same court (Paul Wooten, J.) dated May 22, 2019, granting the petition to confirm the arbitration award and denying the appellants' cross-motion to vacate the arbitration award, confirmed the arbitration award.
ORDERED that the judgment is affirmed, with costs.
The petitioners commenced this proceeding against the appellants, K. Chaim Trust (hereinafter the trust) and Joel Schwartz, the trustee of the trust, to confirm an arbitration award rendered by a rabbinical court. The arbitration arose out of a dispute regarding the transfer of certain real property located in Brooklyn from the petitioners to the trust. In an order dated May 22, 2019, the Supreme Court granted the petition to confirm the arbitration award, and denied the appellants' cross-motion to vacate the award. A judgment entered upon the order confirmed the arbitration award. This appeal ensued.
"CPLR article 75 codifies a limited role for the judiciary in arbitration" (Matter of Paluch v Kohn, 204 AD3d 804, 805 [internal quotation marks omitted]). "Outside of the narrowly circumscribed exceptions of CPLR 7511, courts lack authority to review arbitral decisions, even where an arbitrator has made an error of law or fact" (Zar v Yaghoobzar, 161 AD3d 815, 817 [internal quotation marks omitted]).
Here, nonparty Katriel Chaim Yankowitz, the grantor of the trust, participated in the arbitration at issue with apparent authority to act on behalf of the trust. The trust was thereby bound to the arbitration agreement, despite the appellants' assertion that the trust was not a signatory to the arbitration agreement (see Matter of Northeast & Cent. Contrs., Inc. v Quanto Capital, LLC, 203 AD3d 925, 927). Accordingly, the respondents are precluded from claiming that the arbitration agreement was not valid, because "the validity of the underlying agreement to arbitrate, . . . in the context of a proceeding to confirm an award, may only be challenged by 'a party who neither participated in the arbitration nor was served with a notice of intention to arbitrate'" (Zar v [*2]Yaghoobzar, 161 AD3d at 817, quoting CPLR 7511[b][2][ii]).
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court